■ In the Matter of MURRAY ORLAND et al., Petitioners, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under CPLR article 78 to annul a determination of the State Liquor Authority which suspended petitioners' liquor license for 20 days, on the ground that they had violated section 65 of the Alcoholic Beverage Control Law. By order of the Supreme Court, Westchester County, entered December 3, 1965, the proceeding was transferred to this court for disposition. Determination annulled, on the law, without costs, and matter remitted to respondent with the following directions: (1) to make available to petitioners a copy of the hearing officer's report; (2) prior to taking any further action, to afford petitioners a reasonable opportunity to controvert the findings and conclusions contained in the report; and (3) to take any further proceedings not inconsistent herewith. We find that, after the final hearing, petitioners requested a copy of the hearing officer's report. Petitioners were not given a copy of the report and were, therefore, denied an opportunity to controvert the contents thereof. While a copy of the report appears in the record before us and petitioners have upon this proceeding controverted the findings contained therein, nevertheless, petitioners were denied their right to challenge the report prior to respondent's determination (*Matter of Sorrentino* v. *State Liq. Auth.*, 10 N Y 2d 143; *Matter of White House Restaurant* v. *Epstein*, 19 A D 2d 719). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of S & L VENDING CORP., Appellant, v. 52 THOMPKINS AVENUE RESTAURANT, INC., Respondent.— In a special proceeding by respondent to stay arbitration which had been demanded by the claimant, the latter appeals from an order of the Supreme Court, Kings County, entered March 21, 1966, which granted such stay. Order reversed on the law, with $10 costs and disbursements, and application for stay of arbitration denied. No questions of fact have been considered. The claimant is the assignee of a contract which provides, *inter alia*, that the claimant's assignor shall supply a coin-operated phonograph to be installed in respondent's place of business, the income to be shared by the contracting parties; the claimant contends that respondent breached the contract; and the contract contained an arbitration clause. In our opinion, the application for a stay was improperly granted. The assignment was valid. In the absence of an express or implied provision to the contrary, a contract, other than one which involves duties of such a personal or unique character as cannot be delegated, or of which assignment is prohibited by statute, may be assigned (*Devlin* v. *Mayor*, 63 N. Y. 8, 17). An assignee of a contract may avail itself of an arbitration clause contained therein (*Matter of Lowenthal*, 199 App. Div. 39, 44, affd. 233 N. Y. 621; *Matter of Lipman*, 289 N. Y. 76, 81). The contention, raised by respondent for the first time on this appeal, that the contract was fraudulently executed, has no support in the record and cannot be considered by this court. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.