■ In the Matter of the WESTFIELD GARAGE INN, INC., Doing Business as THE GARAGE, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously confirmed, without costs. Memorandum: This proceeding was commenced under CPLR article 78 to review a determination of the State Liquor Authority and for a judgment annulling said determination which canceled petitioner's special on-premises liquor license. Petitioner was charged with seven separate violations of the Alcoholic Beverage Control Law and the rules of the State Liquor Authority. Following a revocation hearing, the hearing officer made findings of facts, sustained Charges Nos. 1, 2, 3, 4, 6 and 7 in their entirety and sustained Charge No. 5 only as it related to the events of March 2, 1974. The State Liquor Authority adopted the deputy commissioner's findings, sustained the charges against petitioner and determined that the appropriate penalty was cancellation of petitioner's special on-premises liquor license. An order of recall was also entered disapproving petitioner's prior application for renewal and recalling petitioner's license for the identical conduct found as a result of the revocation hearing. The authority further imposed a $1,000 bond claim against petitioner. Petitioner contends that the determination of the State Liquor Authority is not supported by substantial evidence on the record as a whole, and that the authority abused its discretion in selecting cancellation as the measure of discipline to be imposed upon it. Each charge sustained by the authority is sufficiently supported by substantial evidence in the record considered as a whole. A review of the record does not show the testimony to be incredible as a matter of law and although, concededly, there are questions of fact and credibility presented, they are for the State Liquor Authority *(Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Stork Rest. v Boland,* 282 NY 256). The nature and extent of the penalty to be imposed upon a licensee for violations of the Alcoholic Beverage Control Law lie within the discretionary power of the State Liquor Authority. We do

not find that the cancellation of petitioner's license and the imposition of a $1,000 bond claim is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250; *Matter of Pell v Board of Educ. of Union Free School Dist: No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222; cf. *Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187; *Matter of Ahsaf v Nyquist,* 37 NY2d 182). (Article 78 proceeding to annul determination canceling license, transferred by order of Erie Supreme Court.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.