■ In the Matter of ALBERT D. KELLY, Doing Business as KELLY'S DRYDOCK, Petitioner, v THOMAS A. DUFFY, JR., et al., Individually and Constituting the State Liquor Authority, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Tompkins County) to review a determination of the State Liquor Authority which suspended petitioner's liquor license.

Petitioner, a liquor licensee doing business as Kelly's Drydock in the City of Ithaca, Tompkins County, was found to be in violation of 9 NYCRR 53.1 (q) and Alcoholic Beverage Control Law former § 65 (1) in that he allowed the licensed premises to become a focal point for police attention and sold alcoholic beverages to a person under 19 years of age. Peti-

tioner was assessed a penalty of a 30-day license suspension, 20 days forthwith and 10 days deferred, plus a $1,000 bond claim. In this proceeding, petitioner alleges that these administrative findings are not based on substantial evidence. He also contends that he was denied a fair hearing because two separate Hearing Officers presided over the license suspension hearing.

The determination of the State Liquor Authority should be confirmed. The substitution of Hearing Officers was necessitated due to the debilitating illness of the first officer and was in conformity with 9 NYCRR 54.4 (i) and State Administrative Procedure Act § 303. Petitioner's contention that this caused substantial prejudice is without merit.

We also find that substantial evidence supports the findings of the Authority. The evidence discloses that business records of the Ithaca Police Department, called location cards, indicated that police were summoned to Kelly's Drydock some 29 times from April 13, 1984 to February 25, 1985. There were also eyewitness accounts by two police officers that, on February 25, 1985, people were observed drinking on the premises after hours and loud music emanated therefrom. One of the officers also testified to being summoned to the location on December 21, 1984 regarding a fight and observing some damage to the door of the premises. The evidence, taken together, supported the finding that petitioner violated 9 NYCRR 53.1 (q).

As to the charge of serving alcohol to a minor, substantial evidence exists to support this charge as well. The record indicates that the minor was allowed on the premises and was served beer without a request for identification from the proprietor or his agents during the two-hour period he was there. The Hearing Officer credited the minor's testimony over that of witnesses for petitioner who disputed his allegations. This court will not substitute its own judgment for that of an administrative agency on the question of credibility. This court is relegated to a general review of the facts to see if the findings are based on substantial evidence. We conclude that the findings herein are rational and should be confirmed *(see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.