■ In the Matter of PAPPY JACK'S PUB, INC., Petitioner, v THOMAS A. DUFFY, JR., as Chairman of New York State Liquor Authority, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent State Liquor Authority which, *inter alia,* suspended petitioner's on-premises liquor license for 15 days.

Petitioner, a bar, was charged with violating Alcoholic Beverage Control Law § 106 (6) by having permitted the licensed premises "to become disorderly". A hearing was held after which it was determined that petitioner's owner had an argument with his girlfriend which resulted in his hitting her and causing her various injuries. The Hearing Officer therefore sustained the charge. Thereafter, respondent State Liquor Authority suspended petitioner's liquor license for 15 days and imposed a $1,000 bond claim. This proceeding by petitioner ensued.

Upon a review of the record, we find that the determination was supported by substantial evidence and should not be disturbed. Contrary to petitioner's claim, the requirement that the disorderly conduct be of a continuous and permanent nature and not related to a single incident does not apply in this case *(see, Matter of Smith v State Liq. Auth.,* 43 AD2d 756, 757). That requirement applies to incidents involving ordinary employees and not employees left in charge of the premises *(see, e.g., Matter of Doherty's New Dorp Tavern v New York State Liq. Auth.,* 55 NY2d 1007, 1008; *Matter of Bryan & Rose v New York State Liq. Auth.,* 84 AD2d 579, *affd* 57 NY2d 613). Here, the incident involved the actual owner who "was

instrumental in creating the disorder" *(Matter of Pepper & Salt Tavern v State Liq. Auth.,* 99 AD2d 840, *lv denied* 62 NY2d 603). He was, therefore, clearly in charge of the premises and thus a single incident could provide a sufficient basis to find a violation of Alcoholic Beverage Control Law § 106 (6) *(see, Awrich Rest. v New York State Liq. Auth.,* 60 NY2d 645, 647).

Additionally, the resolution of questions of credibility was for the Hearing Officer to determine and there was sufficient evidence in the record to support his findings *(see, Matter of Di Maria v Ross,* 52 NY2d 771, 772-773; *Matter of Oster v New York State Liq. Auth.,* 125 AD2d 859). Moreover, the penalty imposed was not arbitrary and capricious or so disproportionate to the offense as to shock one's sense of fairness *(see, Stonehedge Pub v State Liq. Auth.,* 118 AD2d 559).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.