■ In the Matter of BRETT A. HEISS, Doing Business as MONOPOLE RESTAURANT, Petitioner, v THOMAS A. DUFFY, JR., et al., Constituting the New York State Liquor Authority, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of the State Liquor Authority which suspended petitioner's on-premises liquor license.

Petitioner was charged by the State Liquor Authority (hereinafter the Authority) with two separate violations of Alcoholic Beverage Control Law § 65 (1) in having provided alcoholic beverages to persons under the age of 21 years on January 28, 1987 and February 7, 1987. As an affirmative defense to the January 28, 1987 charge, petitioner claimed that one of the underaged persons, Stephen Alfieri, had produced photographic identification and proof of age apparently issued by a governmental entity (see, Alcoholic Beverage Control Law § 65 [4]). Petitioner also denied selling any alcoholic beverage to Liesl Wachtmeister, the other underaged person involved in the January 28, 1987 charge. Concerning the February 7, 1987 charge, petitioner again denied any sale to the underaged person involved, Christina Dubuque.

A hearing on the charges was held before an Administrative Law Judge (hereinafter ALJ) at which the underage individuals, the bartender for petitioner accused of furnishing the alcoholic drinks, a police officer and a corroborating witness testified. In a hearing report furnished to the Authority, the

ALJ summarized the testimony and found that petitioner violated Alcoholic Beverage Control Law § 65 (1) on both dates set forth in the charges. The Authority ordered that petitioner's license be suspended for 30 days, 15 days forthwith and 15 days deferred, together with a $1,000 bond claim.

Petitioner then commenced this CPLR article 78 proceeding contending that the ALJ's hearing report contained errors and damaging omissions. Petitioner also asserted that he was denied a fair hearing by not being given the opportunity to controvert the findings in the ALJ's report before the report was furnished to the Authority (see, 9 NYCRR 54.4 [g]). Finally, petitioner contended that there was not substantial evidence presented at the hearing of the violations alleged as to each of the dates in question and that the penalty imposed was excessive in light of petitioner's record and circumstances. First, the ALJ's failure to submit the hearing report to petitioner for objection and contravention did not deprive petitioner of a fair hearing. The relevant regulation (9 NYCRR 54.4 [g]) provides that the report should be furnished to the licensee when a request for it is made on the record at the hearing. Petitioner did not comply with this provision. The hearing was held on December 9, 1987. The Authority made a determination on the matter on May 11, 1988. Petitioner made no request for the report until June 29, 1988 after learning of the determination on June 21, 1988. Petitioner's reliance on *Matter of Orland v State Liq. Auth.* (26 AD2d 935) to support his contention that a licensee requesting a report after a hearing is entitled to the report and an opportunity to controvert the report's contents is misplaced. In *Matter of Orland,* the determination by the Authority had not yet been made. In the instant matter the request was made some 49 days after the Authority had decided the matter.

Next, we reject petitioner's argument that the lack of an opportunity to review and correct misstatements or omissions in the report deprived him of a fair hearing. A review of the record reveals that the claimed errors or omissions were not so egregious or misleading as to deprive petitioner of a fair hearing. The report is not meant to contain the entire testimony. It is but a summary, and some omissions are therefore inherent to it.

We also find no merit to petitioner's claim that the determination was not supported by substantial evidence. As the facts here were disputed, questions of credibility and fact-finding were for the Authority's determination (see, *Matter of Rizzo v Epstein,* 14 AD2d 958). This court may not substitute its own

judgment for that of the administrative agency on the question of credibility in such cases, but is relegated to a general review of the facts to ascertain if the findings are based on substantial evidence *(see, Matter of Kelly v Duffy,* 144 AD2d 792).

Finally, we reject petitioner's argument that the penalty imposed was unduly harsh and excessive. Petitioner has failed to show that the Authority abused its discretion in imposing the penalty. The penalty therefore should not be disturbed *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Theodore Polon, Inc. v New York State Liq. Auth.,* 54 AD2d 910; *Matter of Westfield Garage Inn v State Liq. Auth.,* 52 AD2d 733).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.