■ PRICE CHOPPER OPERATING COMPANY, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* suspended petitioner's off-premises beer license.

Petitioner, which operates a supermarket in the City of Saratoga Springs, Saratoga County, was charged with violat-

ing Alcoholic Beverage Control Law § 65 (1) for having provided alcoholic beverages to an individual under the age of 21 years on November 1, 1986. At a hearing before an Administrative Law Judge (hereinafter ALJ), the involved minor testified that he purchased two six-packs of beer from petitioner's store without producing any identification. A companion, also a minor, confirmed that his friend entered the store and returned with the beer. The ALJ issued a hearing report confirming the charge, specifically noting that petitioner failed to produce the cashier on duty who was still employed by petitioner. Respondent adopted the ALJ's report and imposed a deferred 10-day suspension of petitioner's off-premises beer license, together with a $250 bond claim. Petitioner commenced this CPLR article 78 proceeding challenging the determination as lacking in substantial evidence. The matter has since been transferred to this court for our review (CPLR 7804 [g]).

We confirm. Petitioner primarily challenges the credibility of the two involved minors. This court, however, will not disturb credibility assessments of the involved agency (see, *Matter of Heiss v Duffy*, 149 AD2d 902; *Matter of Kelly v Duffy*, 144 AD2d 792, 793). While petitioner's witnesses disputed the allegations, the minors' testimony provides an ample basis for the determination reached (see, *Matter of New York Pan Pizza Corp. v New York State Liq. Auth.*, 150 AD2d 694). This conclusion is enhanced by petitioner's failure to produce the cashier (see, *Matter of Muller v Frankenburg-Rich Corp.*, 151 AD2d 833, 834).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.