■ IRVINGTON ENTERPRISES, INC., Doing Business as THE

JUKE BOX, Petitioner, v THOMAS A. DUFFY, as Chairman of the New York State Liquor Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 transferred to this court by order of the Supreme Court, New York County (Edith Miller, J.), entered on or about June 14, 1988, to review a determination by the respondent Commissioners of the State Liquor Authority of the State of New York, dated February 24, 1988, which suspended the petitioner's liquor license for a period of 15 days and imposed a $1,000 penalty, unanimously dismissed and the determination confirmed, without costs and disbursements.

It is for the administrative agency to determine the credibility of the witnesses, to weigh the evidence and to draw inferences therefrom, and this court cannot substitute its judgment on conflicting evidence or on conflicting inferences for that of the agency. (Matter of Avon Bar & Grill v O'Connell, 301 NY 150 [1950].) In this case while the inferences drawn by the petitioner may have some support in the record, so too does that of the administrative body and thus this court should not disturb the agency's findings of fact. (Matter of Radigan v O'Connell, 304 NY 396 [1952].)

The challenge to the applicability of Alcoholic Beverage Control Law § 106 (6) must also be rejected. While a finding by the Hearing Officer that security agents used unreasonable force in removing an unruly patron does not violate the section, a finding that the patron was not unruly and in fact was simply ousted for uttering an expletive surely does. (Matter of Doherty's New Dorp Tavern v New York State Liq. Auth., 55 NY2d 1007 [1982].)

Thus, since the Hearing Officer's assessment of the facts was that the patrons were physically and violently removed from the licensed premises after having done no more than uttering an expletive, sanctions under section 106 of the Alcoholic Beverage Control Law are completely supported, as is the imposition of a penalty and the suspension of the premises' liquor license. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.