In the Matter of RICHCAR TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Liquor Authority, dated September 12, 1988, which, after a hearing, imposed a penalty of a 40-day suspension of the petitioner's license and forfeiture of its $1,000 bond.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination with respect to charge 1 and the penalty imposed are annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a new penalty with respect to charges 2 and 3.

It is well settled that judicial review of an administrative determination is limited and that the determination should be upheld if supported by a rational basis (see, Matter of Fazio v Joy, 58 NY2d 674; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Breger v Macri, 34 NY2d 727; Matter of Colton v Berman, 21 NY2d 322). Issues of credibility are for the agency to determine (see, Matter of Belnord Holding Corp. v Joy, 73 AD2d 549, affd 52 NY2d 945). Based upon our review of the transcript of the administrative hearing, we find that there was clearly a rational basis to support the respondent's determination sustaining charges 2 and 3 charging violations of Alcoholic Beverage Control Law § 106 (6-a) and certain rules of the State Liquor Authority (9 NYCRR 53.1 [r], [s]). There was unrefuted testimony that two of the topless dancers exposed pubic hair to the patrons and approached customers from within a distance of less than six feet in violation of 9 NYCRR 53.1 (r), (s).

However, as to charge 1, alleging a violation of Alcoholic Beverage Control Law § 106 (6) based upon the performance of lewd acts by a lone dancer on a single occasion, we cannot infer that the petitioner "suffer[ed] or permit[ted]" the premises to become disorderly. We note that there is a dearth of evidence that the proprietor of the establishment was aware of or should have had any knowledge that this dancer would

engage in the lewd conduct. As such, we conclude that the respondent's determination as to this charge was not supported by substantial evidence *(see, Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233; *Matter of Migliaccio v O'Connell,* 307 NY 566; *People ex rel. Price v Sheffield Farms-Slawson-Decker Co.,* 225 NY 25, 30).

In light of our determination, we do not reach the petitioner's contentions regarding the propriety of the penalty imposed. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.