■ In the Matter of SARATOGA MEXICAN CORPORATION, Doing Business as MARGARITA'S OF SARATOGA, Petitioner, v THOMAS A. DUFFY, JR., et al., Constituting the State Liquor Authority of the State of New York, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Liquor Authority which suspended petitioner's on-premises liquor license.

The State Liquor Authority (hereinafter Authority), by notice of pleading and hearing dated September 1, 1988, commenced a proceeding to suspend petitioner's on-premises liquor license on the following charge: that on November 6, 1987, petitioner sold, delivered, or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of 21 years in violation of Alcoholic Beverage Control Law § 65 (1). Petitioner requested a hearing at which it presented testimony in support of its affirmative defense that any alcoholic beverages served on that date were served in reasonable reliance upon photographic identification provided by the minor in question (see, Alcoholic Beverage Control Law § 65 [4]). Nonetheless, the Administrative Law Judge found that the charge should be sustained. Thereafter, the Authority adopted those findings and sustained the charge. It was determined that petitioner's license should be suspended for a period of 15 days but that no bond claim should be imposed. Petitioner subsequently commenced this CPLR article 78 proceeding to challenge the determination. In its order transferring the matter to this court pursuant to CPLR 7804 (g), Supreme Court stayed the Authority's order of suspension pending review by this court.

We confirm. Petitioner does not dispute that the minor referred to in the charge against it did indeed consume alcoholic beverages at petitioner's establishment. Instead, petitioner challenges the Authority's decision to credit the testimony of the minor to the effect that she did not possess any identification and was never asked for proof of her age either

at the front door of the establishment or at the bar when she placed her drink order. Petitioner contends that because the minor changed her story several times, her testimony should be considered wholly unworthy of belief. Petitioner argues that the Authority should have credited the testimony of its doorman who stated that the minor had in fact produced photographic identification upon entering the establishment. We cannot agree with this assessment. Although it is true that the minor's conflicting testimony left much to be desired, it is well settled that "at evidentiary hearings where the licensee contests disciplinary charges, questions of credibility are within the province of [the Authority]" *(Matter of Tego's Tavern v New York State Liq. Auth., 158 AD2d 900, 901; see, Price Chopper Operating Co. v New York State Liq. Auth., 152 AD2d 809, 810).* It is for the Authority to determine the weight and credibility to be given to the evidence and testimony and to resolve any conflicts presented *(see, Matter of Tego's Tavern v New York State Liq. Auth., supra).* Since the minor's testimony provided sufficient basis for the Authority's determination, there is no basis to disturb it *(see, Matter of New York Pan Pizza Corp. v New York State Liq. Auth., 150 AD2d 694, appeal dismissed 74 NY2d 840).* Moreover, the penalty imposed was not arbitrary and capricious or so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pappy Jack's Pub v Duffy, 148 AD2d 870, 871).*

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.