■ LINDA L. BYRNE, INC., Also Known as WANDER INN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which suspended petitioner's on-premises liquor license.

Respondent reversed the finding of its Administrative Law Judge, made after a hearing on charges that petitioner suffered or permitted the licensed premises to become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) by suffering or permitting an altercation to occur, and sustained the charge. The sole issue presented by petitioner in this CPLR article 78 proceeding is whether the findings and conclusions made by respondent are supported by substantial evidence.

The facts briefly stated are that Jeffrey Levy, an investigator employed by respondent, was present in the licensed premises on November 5, 1988 at about 7:30 P.M., when an argument between two male patrons at the bar occurred. Another patron identified as "Wild Bill Rivers" was initially successful in mediating the dispute. Linda Byrne-Bartlett, who was present during the incident and is petitioner's sole principal, instructed the bartender to discontinue service to one of the two men and ask him to leave. When the argument became boisterous Rivers again approached the man and, after a brief exchange of words punched him, knocking him to the floor. Respondent found that, although the altercation lasted from 17 to 30 minutes, the bartender and Byrne-Bartlett failed to evict the participants and that neither threatened to, or did in fact, call the police despite their belief that the dispute would lead to a brawl. Finally, it was found that Rivers felt he had to intervene to restore peace in order to permit him to enjoy the premises.

It is well settled that judicial review of an administrative determination is limited and that the determination should be upheld if supported by a rational basis (*Matter of Richcar Tavern v New York State Liq. Auth.*, 160 AD2d 881). Issues of witness credibility are for determination by the administrative agency (*supra*), which has the responsibility to weigh the evidence and to draw inferences therefrom, and the reviewing court cannot substitute its judgment on conflicting evidence or on conflicting inferences for that of the agency (*Matter of Tego's Tavern v New York State Liq. Auth.*, 158 AD2d 900; *Irvington Enters. v Duffy*, 155 AD2d 335). The record shows that respondent's determination was based mainly upon the testimony of Levy, its investigator, despite conflicting testimony from Byrne-Bartlett and her customer Rivers. What is clear is the fact that although both Byrne-Bartlett and her bartender knew, or had reason to know, that a problem was developing, they never called or even threatened to call the police. Further, there is nothing in the record to show that the

bartender complied with Byrne-Bartlett's instructions on three instances to give the money back, take the beer away and evict the rowdy patrons.

This court will not disturb credibility assessments of the involved agency *(see, Matter of Heiss v Duffy,* 149 AD2d 902; *Matter of Kelly v Duffy,* 144 AD2d 792, 793). Based on the evidence in the record, there was an ample basis for the determination reached by respondent *(see, Price Chopper Operating Co. v New York State Liq. Auth.,* 152 AD2d 809).

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.