■ In the Matter of JOSEPH M. DE STEFANO, Doing Business as CHICKI'S BAR & RESTAURANT, Petitioner, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent State Liquor Author-

ity which suspended petitioner's license to sell liquor for 20 days.

The record as a whole, which includes the testimony of the minors as well as the testimony of the police officer accompanying them that they were served without being asked for any identification and that no identification was given, provides substantial evidence for the conclusion that someone in petitioner's establishment sold alcoholic beverages to the minors in violation of Alcoholic Beverage Control Law § 65 (1) *(see, Sang Yong Lee v New York State Liq. Auth.,* 176 AD2d 644). Insofar as petitioner raises a credibility issue concerning his documentary evidence and the witnesses who testified on his behalf, it was for respondent State Liquor Authority to determine the weight and credibility to be given to this evidence and to resolve any conflicts presented *(see, Matter of Saratoga Mexican Corp. v Duffy,* 162 AD2d 790). Moreover, the 20-day suspension of petitioner's license to sell liquor was not arbitrary or capricious or so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pappy Jack's Pub v Duffy,* 148 AD2d 870).

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.