■ In the Matter of ROBERT E. HALL, Doing Business as BIG BROTHER, Petitioner, v THOMAS A. DUFFY, JR., et al., Constituting the New York State Liquor Authority, Respondents. [607 NYS2d 165] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondents which suspended petitioner's on-premises liquor license.

Respondents instituted a proceeding to revoke petitioner's on-premises liquor license on the following charge: that on October 20, 1990, in violation of Alcoholic Beverage Control Law § 65, petitioner sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to person or persons actually under the age of 21 years. After a statutory hearing, an Administrative Law Judge (hereinafter

ALJ) found that the charge had been sustained; respondents adopted the findings of the ALJ. Petitioner's license was revoked and a $1,000 bond forfeiture was imposed. This CPLR article 78 proceeding was commenced to challenge that determination and was transferred to this Court.

We confirm. The facts briefly stated are that on October 20, 1990 at approximately 2:05 A.M., Police Officer Thomas Penfield observed Thomas Ormsby driving a car erratically in the City of Plattsburgh, Clinton County, and subsequently arrested him for driving while intoxicated after he failed a field sobriety test. During that arrest, Penfield observed signs of intoxication and Ormsby admitted that earlier in the evening on that date he had two beers at the Big Brother bar. Penfield examined Ormsby's unaltered driver's license which showed his date of birth as September 14, 1971. He also examined Ormsby's wallet and found no other identification in it. Penfield confirmed Ormsby's date of birth through a check with the Department of Motor Vehicles computer.

At the hearing, Ormsby testified that he went to the Big Brother bar around midnight on October 19, 1990. Upon entering the bar he was asked if he had proof of his age. He stated no but was allowed in anyway. He was served beer by a male bartender whose physical description conformed generally to the description of petitioner's son, who was working that evening. Petitioner was not at the bar that evening. Although both of petitioner's sons worked that evening, neither attended the hearing; the one son who was the bartender that night submitted a letter which generally denied that he served anyone who was underage.

Petitioner first contends that the ALJ's failure to submit the hearing report to him for objection and contravention before submitting it to respondents deprived him of a fair hearing. We find no merit to this contention inasmuch as petitioner failed to make a request for the report on the record at the hearing or prior to respondents' determination (see, Matter of Heiss v Duffy, 149 AD2d 902, 903).

Petitioner next contends that respondents' findings and conclusions are not supported by substantial evidence. We disagree. The record shows that respondents' determination was based mainly upon the testimony of Penfield and Ormsby. We will not disturb credibility assessments made by the involved agency (see, Linda L. Byrne, Inc. v New York State Liq. Auth., 176 AD2d 1043, 1045; Matter of Heiss v Duffy, supra). The witnesses' testimony amply supports the determi-

nation made by the agency *(see, Linda L. Byrne, Inc. v New York State Liq. Auth., supra; Price Chopper Operating Co. v New York State Liq. Auth.,* 152 AD2d 809, 810).

Finally, petitioner contends that the penalty imposed was excessive and an abuse of discretion. The charge which has been sustained in the instant matter is petitioner's 13th violation within five years. Under all the circumstances, we do not find the penalty to be shocking to one's sense of fairness and therefore it should not be disturbed *(see, Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187; *Matter of Heiss v Duffy, supra; Matter of Kelly v Duffy,* 144 AD2d 792).

Mikoll, Crew III, White and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.