■ In the Matter of LINDA M. DE RUSSO, Doing Business as LINDA'S BLUE BAYOU, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [634 NYS2d 783] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, suspended petitioner's on-premises liquor license.

Respondent instituted a proceeding to suspend petitioner's on-premises liquor license on the following charge: that on January 8, 1994 petitioner sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of 21 years in violation of Alcoholic Beverage Control Law § 65 (1). Following a hearing before an Administrative Law Judge (hereinafter ALJ), respondent, *inter alia*, adopted the ALJ's findings, sustained the charge and imposed a 30-day suspension plus a $1,000 bond claim. Petitioner commenced this proceeding to challenge the determination.

We confirm. At the hearing Alayshia Pinkney (born in 1975) and Angelique Faulkner (born in 1974) testified on behalf of respondent that on the night of January 8, 1994 or the early morning hours of January 9, 1994, they were at petitioner's establishment, were served alcoholic beverages by bartender Mark De Russo, petitioner's son, and consumed the alcoholic beverages while they sat at the bar. Further, Lushanna Faulkner testified that she was with Pinkney and her sister Angelique and witnessed the delivery of alcohol to the two minors. Petitioner testified that Pinkney, who had worked as an exotic dancer at the bar for approximately five months, had been terminated the night before the alleged violation and suggested that Pinkney and her friends were vengefully lying; she also testified that although she was not present at the bar at the time of the violation, her son informed her that he did not serve the women any alcohol. Petitioner rested without calling any other witnesses.

Petitioner contends that respondent's findings and conclusions were not supported by substantial evidence. We disagree. The ALJ determined that the testimony of Pinkney and Angelique Faulkner was credible, that Lushanna Faulkner's

testimony corroborated that testimony and, finally, that he did not credit petitioner's testimony. It is well settled that we will not overturn an ALJ's assessment of the credibility of witnesses at a hearing (*see, Matter of Hall v Duffy*, 200 AD2d 940, 941-942; *Linda L. Byrne, Inc. v New York State Liq. Auth.*, 176 AD2d 1043, 1045; *Matter of Kelly v Duffy*, 144 AD2d 792, 793). In light of the foregoing, we conclude that the determination is rational and supported by substantial evidence.

Finally, we reject petitioner's contention that the penalty imposed by respondent was arbitrary and capricious and an excessive exercise of discretion. The violations in this matter were based upon the delivery of alcohol to two different minors, including one minor, Pinkney, who was known to petitioner and her employees as being a minor. The suspension is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of K T D Enters. v New York State Liq. Auth.*, 205 AD2d 938, 939, *lv denied* 84 NY2d 807; *Matter of GCA Rest. v New York State Liq. Auth.*, 171 AD2d 489, 490).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.