■ In the Matter of MANLEY's MIGHTY MART, LLC, Doing Business as MIGHTY MART, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [738 NYS2d 750] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which denied petitioner's request for a stay of sanctions.

On October 29, 1999, Daniel Martin (born November 10, 1981), a volunteer with the Broome County Sheriff's Depart-

ment Explorer Program, participated in an underage purchase detail involving the State Police, the Broome County Sheriff's Department and the Johnson City Police Department. Martin was directed to use his junior operator's driver's license, reviewed by police authorities, in his efforts to purchase alcoholic beverages at various targeted locations.

As directed, Martin entered a convenience store operated by petitioner at 143 Riverside Drive, in the Village of Johnson City, Broome County, at approximately 7:40 P.M., followed by Vasili Yacalis, a nonuniformed detective. After obtaining a 40-ounce bottle of beer from the cooler, Martin proceeded to the checkout counter where Patricia Burton, the cashier, asked him for identification. As instructed, Martin handed her his driver's license which she reviewed and returned within five seconds as captured by the store's surveillance tape. After selling him the beer, she was issued an appearance ticket by police authorities (*see*, Alcoholic Beverage Control Law § 65 [1]).

Shortly thereafter, Martin entered another of petitioner's convenience stores located at 285 Harry L. Drive in Johnson City, this time followed by Alfonso Ortego, a nonuniformed investigator for the State Police. Again, Martin obtained a 40-ounce bottle of beer from the cooler and proceeded to the checkout counter. Michael Cox, the cashier, requested his identification and then spent approximately seven seconds, as recorded by the store's surveillance tape, posing questions to Martin to confirm information culled from the license presented. Ortego observed their exchange and Cox's sale to Martin. He then returned with a uniformed detective to issue an appearance ticket to Cox for his sale of an alcoholic beverage to a minor (*see*, Alcoholic Beverage Control Law § 65 [1]).

As a result of the aforementioned violations, respondent sought to suspend petitioner's on-premises liquor license at both locations. Following a hearing, the Administrative Law Judge sustained both charges despite petitioner's protestations that it reasonably relied upon Martin's production of a driver's license which indicated that he was over the age of 21—the affirmative defense contained in Alcohol Beverage Control Law § 65 (4). Respondent adopted the Administrative Law Judge's findings, sustained both charges and determined the appropriate penalty for each location. Petitioner commenced this CPLR article 78 proceeding; Supreme Court denied petitioner's application for a stay of sanctions and transferred the proceeding to this Court.

We reject petitioner's assertion that its substantial efforts to educate its cashiers and thwart the sale of alcoholic beverages

to minors were not fully considered by respondent prior to making its determination. Yet, with petitioner's proffer failing to further establish the affirmative defense sought under Alcoholic Beverage Control Law § 65 (4) (*see, Matter of Dark Horse Tavern v New York State Liq. Auth.*, 232 AD2d 947, 948; *Matter of De Russo v New York State Liq. Auth.*, 222 AD2d 809, 810; *Matter of Larowe v New York State Liq. Auth.*, 170 AD2d 905, 905), there was no basis upon which the determination could be disturbed. Faced with the contentions of police authorities that Martin's license was previously reviewed, that it had bold red lettering immediately to the right of his photograph stating that he was "under 21," that Martin was specifically instructed on how to proceed during these checks and that surveillance tapes recorded the intervals of the cashiers' reviews, respondent was free to reject the contrary averments presented by petitioner's witness affidavits (*see, Matter of De Russo v New York State Liq. Auth.*, *supra* at 810; *Matter of De Stefano v State Liq. Auth. of State of N.Y.*, 186 AD2d 849, 850). With the determination supported by substantial evidence, it must be confirmed.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.