■ In the Matter of AJK CAFÉ, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents. [886 NYS2d 10]—

Determination of respondent New York State Liquor Authority, dated November 26, 2008, finding petitioner in violation of 9 NYCRR 48.3 by employing an unlicensed security guard and imposing a $2,500 civil penalty, and an alternative penalty of a 15-day suspension of petitioner's liquor license plus a $1,000 bond forfeiture, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan B. Lobis, J.], entered March 4, 2009) dismissed, without costs.

Substantial evidence, including the testimony of a detective who performed a business inspection of petitioner's bar, established that petitioner was in violation of 9 NYCRR 48.3 by employing an unlicensed security guard. Petitioner offered no testimony or other admissible proof to support its position that the subject employee worked as a busboy and that the investigating detectives mistook him for a security guard. There is, therefore, no basis to disturb the credibility findings of the administrative law judge (*see Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281 [2007]).

The penalty imposed does not shock our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.