Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Liquor Authority which imposed a civil penalty upon petitioner 2169 Central Ltd.
Petitioner 2169 Central Ltd. (hereinafter petitioner), the operator of an adult entertainment club known as Shenanigan’s Bar in the Town of Colonie, Albany County, was issued a liquor license by respondent State Liquor Authority (hereinafter respondent) now held by the president of 2169 Central, petitioner Lewis D. Cross. In July 2008, the Division of Alcoholic Beverage Control commenced proceedings to revoke petitioners’ license, alleging that they had employed unlicensed security guards in violation of 9 NYCRR 48.3. An Administrative Law Judge (hereinafter ALJ) sustained the charges following a hearing. Respondent adopted the ALJ’s determination and imposed a civil penalty of $3,000 upon petitioner. This CPLR article 78 proceeding ensued and was transferred to this Court by order of the Supreme Court.
*1311 Petitioners first contend that respondent exceeded its statutory authority by determining that a licensing violation occurred (see General Business Law § 89-g). However, respondent has the statutory authority to revoke, cancel or suspend a liquor license or impose a civil penalty upon a license holder “for cause” (Alcoholic Beverage Control Law § 17 [3]), and respondent’s regulations specify that “[violation ... of any rule or regulation of [respondent]” constitutes cause for disciplinary action (9 NYCRR 53.1 [a]). One such regulation requires on-premises licensees to “conform with all applicable building codes, fire, health, safety and governmental regulations” (9 NYCRR 48.3). Petitioners submit no authority supporting their contention that respondent’s power to discipline a licensee for violating 9 NYCRR 48.3 requires a predicate determination by another entity. On the contrary, respondent’s determinations that unlicensed security guards were employed in violation of 9 NYCRR 48.3 have previously been upheld with no reference to such a requirement (see Matter of Today’s Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d 1082, 1084 [2013]; Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth., 96 AD3d 1458, 1459 [2012]; Matter of MGN, LLC v New York State Liq. Auth., 81 AD3d 492, 493 [2011]; Matter of AJK Café, Inc. v New York State Liq. Auth., 65 AD3d 952, 952 [2009]; Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d 1260, 1262 [2009]). Further, in an analogous case, the Court of Appeals rejected a judicial determination that respondent lacked jurisdiction to determine whether a licensee had violated 9 NYCRR 48.3 by failing to comply with the New York City Administrative Code (see Matter of 47 Ave. B. E. Inc. v New York State Liq. Auth., 65 AD3d 33, 39-41 [2009], revd 13 NY3d 820 [2009]).
Next, petitioners contend that respondent did not show by substantial evidence that the employees in question met the statutory definition of security guards by “principally performing]” security work (General Business Law § 89-f [6]), that is, by engaging in such work for more than 50 percent of their regularly scheduled work hours (see 19 NYCRR 170.1 [c]; see also 19 NYCRR 170.1 [a], [b]). At the hearing, a police investigator testified that he and other officers responded to a fight at Shenanigans in July 2008 and took statements from patrons and employees. In one of these sworn statements, an employee stated that he had worked “as security” for Shenanigans for about a year and identified a second employee as “the other security guard.” The second employee stated in a supporting deposition — which he refused to sign — that his “title at the club is security.” A supervisor gave a sworn statement identifying this *1312 second employee as “my security.” Respondent submitted certifications from the Department of State showing that these two employees were not licensed during the relevant time period. By stipulation, respondent also submitted the testimony of a third employee, given in a separate proceeding. This individual had previously been employed in other capacities, but had returned several months before the July 2008 incident “to help [petitioner] with security.” He testified that he had no duties other than security during this period, and that he was not a licensed security guard.
Petitioner offered the testimony of two managerial employees controverting this testimony, essentially asserting that two of these employees had primary responsibilities other than security and that the third had produced a valid license when hired as a security guard several months prior to the incident. This testimony presented credibility issues, and we accord great weight to the ALJ’s rejection of the managers’ claims as “self-serving” and “unpersuasive” (see Matter of Surf City Enters. of Syracuse, Inc. v New York State Liq. Auth., 96 AD3d at 1459; Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [2007]; Matter of DeRusso v New York State Liq. Auth., 222 AD2d 809, 810 [1995]). The testimony of respondent’s witnesses, the certifications from the Department of State and — in particular — the managers’ acknowledgment that one of the workers was employed as a security guard at a time when his license was shown to have expired constituted substantial evidence sustaining the charge that petitioner violated 9 NYCRR 48.3 (see Matter of Today’s Lounge of Oneonta, Inc. v New York State Liq. Auth., 103 AD3d at 1084; Matter of JMH, Inc. v New York State Liq. Auth., 61 AD3d at 1262).
Rose, J.P., Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.