■ In the Matter of BOSTON POST ROAD LIQUOR STORE, INC., Petitioner, v STATE LIQUOR AUTHORITY OF STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent, dated February 13, 1975 and made after a hearing, which found that petitioner had sold liquor to a minor and suspended its retail liquor store license for 20 days, 10 days forthwith and 10 days deferred, or in the alternative, imposed a $1,000 bond claim and a 10-day deferred suspension. Determination modified, on the law and in the exercise of discretion, by reducing the penalty to a 20-day deferred suspension. As so modified, determination confirmed, with costs to petitioner. The determination that petitioner sold liquor to a minor is supported by substantial evidence and must therefore be confirmed (see *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150, 153; *Matter of Stork Rest. v Boland,* 282 NY 256). However, in light of the fact that the youth to whom the liquor was sold was over six feet tall and presented what appeared to be proof that he had attained his majority, the penalty imposed herein was shockingly excessive, constituted an abuse of discretion, and should be reduced to the extent indicated herein. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ In the Matter of HECTOR CINTRON, Petitioner, v RICHARD BOWEN, as City Manager of the City of Long Beach, County of Nassau, Respondent.— Proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 24, 1975, which, after a hearing, dismissed him from his position as a sanitationman employed by the City of Long Beach. Determination confirmed and petition dismissed on the merits, without costs. Since specifications 10 through 20 relate to a continuous course of absences, they were not time-barred by the provisions of the contract between the city and the Civil Service Employees' Association. The offense or infraction charged was that petitioner was guilty of 62 unauthorized absences and that these absences were "excessive". The city served the charges within 60 days of the date upon which it deemed those absences to be excessive. Under all of the circumstances of this case, the measure of discipline imposed, while severe, was not shocking to one's sense of fairness. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ In the Matter of CHARLES A. COGER, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated March 4, 1974 and made after a hearing, which dismissed petitioner from his employment as a motorman. Determination confirmed and petition dismissed on the merits, without costs. There was substantial evidence in the record to support the findings and, under the circumstances, the penalty imposed was not excessive. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.