■ In the Matter of CARMEL LANES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated November 23, 1983 and made after a hearing, which found that petitioner had violated Alcoholic Beverage Control Law § 65 by selling alcoholic beverages to minors, and suspended its on-premises liquor license for 30 days, 15 days forthwith and 15 days deferred.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The determination of the respondent State Liquor Authority, adopting the findings of the hearing officer crediting the testimony of witnesses to the effect that petitioner permitted two minors to enter its cocktail lounge and purchase alcoholic beverages, and sustaining the charge against petitioner, was supported by substantial evidence (*see, e.g., Matter of Goldpap Rest. v New York State Liq. Auth.*, 19 NY2d 968, *revg* 25 AD2d 642 *on dissenting opn at App Div; Matter of Avon Bar & Grill v O'Connell*, 301 NY 150). In addition, the penalty imposed, a suspension of petitioner's on-premises liquor license for a period of 30 days, 15 days to be served forthwith and 15 days deferred, was not disproportionate to the offense (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222), in view of the circumstances of the case, including the fact that this is the second occasion upon which a charge of selling alcoholic beverages to minors has been sustained against petitioner within a period of five years (*cf. Matter of Boston Post Rd. Liq. Store v State Liq. Auth.*, 51 AD2d 569; *Matter of Oudemool v New York State Liq. Auth.*, 50 AD2d 1095; *Matter of D.H.K. Rest. v New York State Liq. Auth.*, 31 AD2d 525, *affd* 28 NY2d 836). O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.