■ In the Matter of JEROME JAINCHILL, Petitioner, v CORNELL UNIVERSITY, Respondent. — Proceeding pursuant to Executive Law § 298 to review an order of the State Division of Human Rights, dated April 29, 1983, which (1) determined that there was no probable cause to believe that the respondent employer engaged in unlawful discriminatory practices resulting in the termination of petitioner's employment, and (2) dismissed petitioner's complaint.

Order confirmed and proceeding dismissed, without costs or disbursements.

We have reviewed the record and conclude that the determination of the State Division of Human Rights was supported by substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). There is nothing to suggest that the respondent terminated petitioner from his position because of unlawful discriminatory practices. Accordingly, the proceeding is dismissed. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.

■ In the Matter of NYCREST CORP., Doing Business as HANDY STOP FOOD SHOPS, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated May 23, 1984, which, after a hearing, found that petitioner had violated Alcoholic Beverage Control Law § 65 (1) and suspended its retail beer license for 10 days.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The State Liquor Authority's determination that petitioner violated Alcoholic Beverage Control Law § 65 (1), in that it had sold beer to a minor, was supported by substantial evidence on the record considered as a whole. The record reveals that petitioner was not deprived of his due process rights and the testimony was not incredible as a matter of law. Moreover, the penalty imposed was not so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Nycrest Corp. v New York State Liq. Auth.,* 96 AD2d 563). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.