■ In the Matter of VIRGINIA COLLINS, Petitioner, v ALICE A. AMRHEIN, as Commissioner of the Suffolk County Depart-

ment of Social Services, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Alice A. Amrhein, Suffolk County Commissioner of Social Services, dated December 31, 1985, which, after a hearing, terminated the employment of the petitioner.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

In April 1985, the petitioner, Virginia Collins, an employee of the Suffolk County Department of Social Services, received notice that she was to be transferred from the Bay Shore office to the Amityville office, as part of a major reorganization of the department. Notification of this transfer prompted numerous requests by the petitioner to be reassigned to an office closer to her home. During a telephone conversation with the personnel officer of the department, which was initiated in connection with her request for reassignment, the petitioner was informed that she was absent from work without leave and that if she did not report to the jobsite to which she had been assigned within 10 days, charges would be brought against her pursuant to Civil Service Law § 75.

Despite these admonitions, the petitioner failed to report to her new assignment and remained absent without leave for a period in excess of 10 days. Although the petitioner insisted that a physical disability prevented her from traveling to the Amityville jobsite, examinations conducted by the employee medical review unit of the Suffolk County Department of Health resulted in a finding that the petitioner was capable of performing the duties of her position as a clerk typist.

At a hearing conducted on July 19, 1985, the petitioner admitted that she was fully aware that she was expected to report to the Amityville branch and that she would be subject to disciplinary action if she did not report to work within the time specified by the personnel officer. She further conceded that her absence from work was unexcused.

The charges preferred against the petitioner were ultimately sustained by the Hearing Officer, who recommended dismissal as an appropriate sanction. The Hearing Officer's findings and conclusions were subsequently adopted by the respondent.

We find that the determination of the respondent was supported by substantial evidence. The petitioner had been warned, on several occasions, that charges would be preferred against her because of her unexcused absenteeism. She never-

theless failed to report to work despite these warnings. The record, therefore, supports a finding of misconduct and, further, justifies the penalty imposed *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354; *Miller v Sise,* 120 AD2d 653; *Matter of Power v Board of Trustees of Vil. of Kenmore,* 96 AD2d 728; *Matter of Cintron v Bowen,* 51 AD2d 569).* Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.