■ In the Matter of LEVITTOWN EVENTS, INC., Doing Business as UNCLE SAM'S, Petitioner, v THOMAS A. DUFFY, as Chairman of the New York State Liquor Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated July 31, 1986, which, after a hearing, suspended the petitioner's liquor license for 20 days (10 days forthwith and 10 days deferred).

Adjudged that the petition is granted, on the law, to the extent of vacating the penalty imposed; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondents for the imposition of a reduced penalty.

The determination of the New York State Liquor Authority adopted the findings of the Hearing Officer crediting the testimony of witnesses to the effect that the petitioner permitted two minors to enter its discotheque and purchase alcoholic beverages, and sustained the charge against the petitioner. The determination was supported by substantial evidence *(see, Matter of Goldpap Rest. v New York State Liq. Auth.,* 19 NY2d 968; *Matter of Avon Bar & Grill v O'Connell,* 301 NY 150; *Matter of Nycrest Corp. v New York State Liq. Auth.,* 109 AD2d 799; *Matter of Carmel Lanes v New York State Liq. Auth.,* 109 AD2d 793).

We find, however, that the 20-day suspension imposed in this case was excessive in light of the prior unblemished record of the petitioner, its lack of illegal intent, the fact that the premises were crowded on the evening in question and the fact that the licensee had instituted procedures to screen patrons at the door *(see, Matter of Oudemool v New York State Liq. Auth.,* 50 AD2d 1095; *Matter of Collins v State Liq. Auth.,* 48 AD2d 848). The establishment of a new and more

appropriate penalty should be left to the respondents *(see,* CPLR 7803 [3]; *Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of Ahsaf v Nyquist,* 37 NY2d 182). Mangano, J. P., Thompson and Kunzeman, JJ., concur.

Lawrence J., concurs in part, and dissents in part, and votes to confirm the determination and dismiss the proceeding on the merits, in its entirety, with the following memorandum: I agree with my colleagues in the majority that there was substantial evidence supporting the charge against the petitioner.

However, I do not find that the penalty imposed was " 'so disproportionate to the offense, in * * * light of all the circumstances, as to be shocking to one's sense of fairness' " *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting from *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364).