■ In the Matter of SHOESTRING ENTERPRISES, INC., Also Known as SOLOMON GRUNDY'S, Petitioner, v THOMAS A. DUFFY, JR., et al., Individually and as Members of the State Liquor Authority, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Liquor Authority which, *inter alia,* suspended petitioner's on-premises liquor license for selling alcohol to persons under 21 years of age.

In August 1987, petitioner, the operator of a bar known as Solomon Grundy's in the City of Saratoga Springs, Saratoga County, was served with a notice by the State Liquor Authority charging it with selling, delivering or giving away alcoholic beverages to a person under the age of 21 in violation of Alcoholic Beverage Control Law § 65 (1). An investigator for the Authority, Joseph Levy, had obtained sworn statements from Deborah Eddy and Kelly Jones stating that Eddy was admitted to petitioner's establishment on May 2, 1987, that she was 20 years old at that time and that she consumed alcoholic beverages on the premises. Petitioner pleaded not guilty to the charge and a hearing ensued.

At the hearing, both Eddy and Jones were called to testify but each asserted her 5th Amendment privilege against self-incrimination. Levy testified with respect to the details of the prior statements made to him by Eddy and Jones and their sworn statements were received into evidence. Also admitted into evidence was the birth certificate of Eddy establishing that she was less than 21 years of age on May 2, 1987. Patrick Haskell testified that he was at petitioner's establishment on the night in question and saw Eddy drink beer. Petitioner did not call any witnesses or attempt to assert the affirmative defense provided in Alcoholic Beverage Control Law § 65 (4).

The Hearing Officer sustained the charge against petitioner. Upon administrative review, the Authority adopted the findings of the Hearing Officer and ordered the suspension of petitioner's on-premises liquor license for 30 days, 15 of which were deferred, and imposed a bond forfeiture in the amount of $1,000. This CPLR article 78 proceeding to review the determination followed.

Petitioner contends that it was deprived of a fair hearing by the introduction of the affidavits of Eddy and Jones and that the determination was not supported by substantial evidence.

Hearsay evidence may be admitted in an administrative proceeding and, in some circumstances, may even serve as the basis for the administrative determination *(Matter of Gray v Adduci,* 73 NY2d 741; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). The legal residuum rule, cited to by petitioner, is no longer followed *(see, e.g., Matter of Eagle v Paterson,* 57 NY2d 831, 833). Here, Eddy and Jones, who had both given prior written statements sworn to under oath, invoked their 5th Amendment privilege at the hearing. Levy testified regarding the facts and circumstances surrounding his interviews of Eddy and Jones and the taking of their sworn statements. Further, the statements clearly did not constitute the only evidence supporting the determination against petitioner. In addition, Eddy's birth certificate had been admitted, establishing that she was under the age of 21 on the night in question, and Haskell's testimony supported the conclusion that Eddy was consuming alcoholic beverages at petitioner's establishment on that night. Under these circumstances, we find that petitioner was afforded a fair hearing and that there is sufficient evidence in the record to support the Authority's determination *(see, Matter of Triple A Auto Driving School v Foschio,* 65 NY2d 755).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.