■ In the Matter of Lakeside Inn Supper Club, Inc., Petitioner, v New York State Liquor Authority, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: This is a proceeding transferred to this court pursuant to CPLR 7804 (g) to review a New York State Liquor Authority determination that petitioner violated Alcoholic Beverage Control Law § 65 (1), which prohibits the sale or delivery of alcoholic beverages to persons under the age of 21.

The record demonstrates without contradiction that on July 8, 1986 petitioner's bartender served an alcoholic beverage to a minor without having required the minor to produce proof of age. The bartender testified that he served the patron because on previous dates she had presented photographic identification in the form of a motor vehicle operator's license reflecting that she was 21 years old.

Alcoholic Beverage Control Law § 65 (4) provides in relevant part: "In any proceeding pursuant to subdivision one of this section, it shall be an affirmative defense that such person had produced a photographic identification card apparently issued by a governmental entity or institution of higher education and that the alcoholic beverage had been sold, delivered or given to such person in reasonable reliance upon such identification."

Although the Administrative Law Judge who presided at the hearing credited the testimony of the bartender, he found nevertheless that the affirmative defense of reasonable reliance was not established. He ruled that the defense could only

be established by showing that the photographic identification was presented on the occasion of the specific sale or delivery underlying the alleged violation. By adopting the findings of the Hearing Officer, the State Liquor Authority necessarily adopted his interpretation of Alcoholic Beverage Control Law § 65 (4). That interpretation by the agency charged with the responsibility for administration and enforcement of the statute must be upheld since it is neither irrational nor unreasonable *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438, *lv granted* 29 NY2d 481, *rearg denied* 29 NY2d 749, *Matter of Reader's Digest Assn. v State Tax Commn.,* 103 AD2d 926, 927). We conclude, therefore, that the determination is supported by substantial evidence and that the penalty of a 10-day suspension of petitioner's license is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Fallon, J.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.