■ In the Matter of THOMAS M. VITAGLIANO et al., Doing Business as 7-ELEVEN FOOD STORE No. 11147, Respondents, v STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated May 18, 1987, canceling the petitioners off-premises beer license and imposing a bond forfeiture of $1,000, the appeal is from an order of the Supreme Court, Nassau County (Kutner, J.), entered January 21, 1988, which annulled the determination and remitted the matter to the appellant for the imposition of a more appropriate penalty.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Sullivan, and leave to appeal is granted by Justice Sullivan (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

While we find that the petitioners' violation of Alcoholic Beverage Control Law § 65 (1) is a serious offense, we agree with the Supreme Court, Nassau County, that the cancellation of their license is disproportionate to the offense under the circumstances of this case. The violation was not intentional, the petitioners were absent from the premises at the time of the violation, the offending employee was promptly discharged, and the petitioners have implemented procedures to prevent such violations (see generally, Matter of Levittown Events v Duffy, 135 AD2d 539, lv denied 71 NY2d 805; Matter of Vargas v State of New York Liq. Auth., 111 AD2d 925). Accordingly, the imposition of a less severe penalty is appropriate (see generally, Matter of 596 Main St. Corp. v New York State Liq. Auth., 141 AD2d 643; Matter of Leewood Beverage Center v State Liq. Auth., 139 AD2d 649; Montero Grocery v McLaughlin, 99 AD2d 769; Matter of Nycrest Corp. v New York State Liq. Auth., 96 AD2d 563).

We note that our affirmance herein is not to be construed as an expression of agreement with the penalty suggested by the Supreme Court. The imposition of an appropriate penalty other than cancellation of the petitioners' license for this, the petitioners' third offense, rests within the sound discretion of the appellant. Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.