■ In the Matter of NEW YORK PAN PIZZA CORPORATION OF EAST NORTHPORT, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated November 10, 1987, which, after a hearing, found that the petitioner had violated Alcoholic and Beverage Control Law § 65 by selling alcoholic beverages to minors and suspended its liquor license for a period of 20 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The respondent New York State Liquor Authority adopted the findings of the Hearing Officer crediting the testimony of witnesses to the effect that the petitioner permitted minors to purchase alcoholic beverages on January 11, 1985, and again on October 11, 1985, and sustained the charges against the petitioner. We find that the determination was supported by substantial evidence on the record considered as a whole *(see, e.g., Matter of Goldpap Rest. v New York State Liq. Auth.,* 19 NY2d 968, *revg* 25 AD2d 642 *on dissenting opn of App Div; Matter of 596 Main St. Corp. v New York State Liq. Auth.,* 141 AD2d 643; *Matter of Levittown Events v Duffy,* 135 AD2d 539). The petitioner failed to establish the affirmative defense that such alcoholic beverages were sold or delivered to the minors in reasonable reliance upon proper photographic identification cards (Alcoholic Beverage Control Law § 65 [4]).

The petitioner also contends that the substitution of Hearing Officers after the testimony of a number of witnesses was taken deprived him of his due process rights. State Administrative Procedure Act § 303 provides that another Hearing

Officer may be assigned to continue with a case whenever the Hearing Officer who originally presided is disqualified or it becomes impractical for him to continue the hearing, unless a showing is made that substantial prejudice to the party will result therefrom. The petitioner does not dispute that the original presiding officer at bar was unable to continue the hearing due to his extended illness. The petitioner failed to carry its statutory burden of demonstrating it suffered substantial prejudice from the challenged substitution.

In addition, the penalty imposed was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Carmel Lanes v New York State Liq. Auth.,* 109 AD2d 793).

We have considered the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.