■ In the Matter of MARC SIGLE, Respondent-Appellant, v BRIAN J. SLAVIN, as Superintendent of the Department of Parks and Recreation of the Town of Yorktown, et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of MARC SIGLE, Petitioner, v BRIAN J. SLAVIN, as Superintendent of the Department of Parks and Recreation of the Town of Yorktown, et al., Respondents. (Proceeding No. 2.)—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Yorktown adopted by resolution of the Town Board of the Town of Yorktown on May 5, 1987, which, after a hearing, terminated the employment of the petitioner Marc Sigle (proceeding No. 1), Brian Slavin, Superintendent of the Department of Parks and Recreation of the Town of Yorktown, and the Town of Yorktown appeal from so much of an order of the Supreme Court, Westchester County (West J.), entered December 21, 1987, as annulled the determination terminating the petitioner's employment and remitted the matter to them for a new hearing and determination, and the petitioner cross-appeals, as limited by his notice of appeal and brief, from so much of that order as denied his application for back pay retroactive to 30 days after the date of his initial suspension without pay.

Proceeding pursuant to CPLR article 78 (proceeding No. 2), to review a determination of the Town Board of the Town of Yorktown dated August 2, 1988, which, following a new hearing, terminated the petitioner's employment retroactive to May 6, 1987.

Ordered that on the court's own motion, the notice of appeal and the notice of cross appeal from the order entered December 21, 1987, are treated as applications for leave to appeal and cross-appeal, those applications are referred to Justice Bracken, and leave to appeal and cross-appeal are granted by Justice Bracken (CPLR 5701 [b] [1]); and it is further,

Ordered that the order entered December 21, 1987, is modified, by deleting the provision thereof which denied the petitioner an award of back pay for the period of his suspension prior to May 6, 1987, and by substituting therefor a provision awarding the petitioner back pay for the period of his suspension up until August 2, 1988, less 30 days and less any unemployment benefits he may have received during that period; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a computation of an award of back pay; and it is further,

Adjudged that petition is granted, on the law, to the extent that the provision of the determination dated August 2, 1988, terminating the petitioner's employment retroactive to May 6, 1987, is deleted, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, without costs or disbursements.

We agree with the Supreme Court's conclusion that the first administrative determination adopted by a resolution of the Town Board of the Town of Yorktown on May 5, 1987, was procedurally infirm insofar as the petitioner's employment records, which contained allegations of time-barred and previously uncharged and unproven acts of misconduct (see, Civil Service Law § 75 [4]), were improperly considered by the Hearing Officer on the issue of the petitioner's guilt of the instant charges (see, Matter of Bigelow v Board of Trustees, 63 NY2d 470; Ferguson v Meehan, 141 AD2d 604; Matter of Smith v Tomlinson, 111 AD2d 245). Accordingly, that determination was properly annulled. The order appealed from, however, improperly limited the time period for which the petitioner was entitled to an award of back pay. The petitioner was suspended without pay from his civil service position as of

December 15, 1986. Pursuant to Civil Service Law § 75 (3), he was only subject to such a suspension for 30 days. As he was not responsible for causing the intervening delays, the petitioner is entitled to an award of back pay for the period of his suspension in excess of 30 days until the date of his dismissal on August 2, 1988 *(see, Sinicropi v Bennett,* 92 AD2d 309, *affd* 60 NY2d 918, *cert denied* 475 US 1019; *Matter of Chopay v Town of Oyster Bay,* 99 AD2d 810). Furthermore, the town could not terminate the petitioner's employment on August 2, 1988, retroactive to May 6, 1987, as the earlier determination had been properly annulled owing to the town's failure to follow appropriate hearing procedures *(Matter of McLaughlin v North Bellmore Union Free School Dist.,* 86 AD2d 870).

Furthermore, we find that the Town Board's subsequent determination dated August 2, 1988, terminating the petitioner's employment after a new hearing, was supported by substantial evidence. At the second hearing the petitioner's history of repeated unreported latenesses and absences, some of which he conceded, and about which he was repeatedly warned, was convincingly established. The penalty of dismissal was accordingly appropriate *(see, e.g., Matter of Collins v Amrhein,* 134 AD2d 346; *Miller v Sise,* 120 AD2d 653; *Matter of Power v Board of Trustees,* 96 AD2d 728).

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.