■ In the Matter of NIKKI A. LAROWE, Doing Business as HANNIBAL'S, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent which, *inter alia,* suspended petitioner's on-premises liquor license.

Petitioner contends that the Hearing Officer improperly credited the hearsay testimony of the police officer involved in the sale by her establishment of alcoholic beverages to a minor in violation of Alcoholic Beverage Control Law § 65 (1). However, hearsay evidence can be the basis of an administrative determination *(see, Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Shoestring Enters. v Duffy,* 145 AD2d 730). Furthermore, this court will not disturb credibility assessments by the agency making the determination *(see, Price Chopper Operating Co. v New York State Liq. Auth.,* 152 AD2d 809). Here, petitioner's witnesses and the minor involved testified that the minor showed a false identification. However, the testimony of the police officer to the contrary, the minor's initial sworn statement that he had not shown any identification and the officer's police report, all of which were credited by the Hearing Officer, provide an ample basis for the rejection of petitioner's affirmative defense that the alcohol was sold in reasonable reliance on proper identification *(see,* Alcoholic Beverage Control Law § 65 [4]). Under the circumstances, the determination of guilt was supported by substantial evidence and should not be disturbed *(see, Matter of Shoestring Enters. v Duffy, supra).* Finally, given petitioner's earlier violation of the same statute, it cannot be said that the penalty imposed, a 20-day suspension of her license and a $1,000 bond claim, was so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of New York Pan Pizza Corp. v New York State Liq. Auth.,* 150 AD2d 694, *appeal dismissed* 74 NY2d 840).

Determination confirmed, and petition dismissed, without costs. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.