■ In the Matter of CARMINE GRAZIANO, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated April 19, 1991, which, after a hearing, cancelled the petitioner's on-premises liquor license and imposed a $1,000 bond claim.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner contends that the determination of the New York State Liquor Authority (hereinafter the Authority), denying his application for transfer of a liquor license, was arbitrary and capricious. We disagree.

In 1985 the petitioner and his former business partner obtained a license to serve liquor at certain premises owned by them. In 1990 the petitioner entered into an agreement to purchase his partner's share of the business making him the sole proprietor. An application was submitted to the State Liquor Authority requesting that the on-premises liquor license be reissued in the petitioner's name alone. The record reveals that at the time this application was submitted to the Authority the petitioner's partner had been convicted of a felony and revocation charges were pending against the licensees on the ground that "Joker Poker" machines were being operated on the licensed premises. The local board recommended disapproval of the application because it was not satisfied that the sale to the petitioner of the partner's interest was a bona fide transaction and because the gambling charges were still pending. The Authority's determinations to

cancel the license and to disapprove the petitioner's application for a transfer of the license were effectuated simultaneously. The record supports the finding that a current licensee had been convicted of a felony and engaged in gambling activities. Therefore, a bona fide transfer was an important consideration *(see, Matter of Fredette v Hostetter,* 36 AD2d 891). Under the circumstances, there was a rational basis for the Authority's determination, and it was not arbitrary or capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

We also find that the penalty of cancelling the liquor license based on the felony conviction and on premises gambling, was not so disproportionate to the offenses as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra,* at 237; *Daniels v McLaughlin,* 82 AD2d 905). Mangano, P. J., Thompson, Sullivan and Pizzuto, JJ., concur.