■ In the Matter of Roc's Z-Bar, Inc., Petitioner, v State of New York Liquor Authority, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which suspended petitioner's on-premises liquor license.

On January 3, 1991 respondent instituted a proceeding to suspend petitioner's on-premises liquor license for a bar in the Village of Malone, Franklin County, by issuing a "notice of pleading and hearing" charging that on October 28, 1990 petitioner "sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a person or persons actually under the age of twenty-one years" in violation of Alcoholic Beverage Control Law § 65 (1). The charge grew out of petitioner's alleged sale of a bottle of Budweiser beer to undercover Village of Malone Police Officer John Durant, then 20 years of age, without having requested that Durant produce identification.

Following a hearing, the Hearing Officer found that Durant, a 20-year-old, entered petitioner's premises without being requested to show identification, ordered a "Bud" and was served a bottle of Budweiser beer by Natalie Pepin, who was working behind the bar while petitioner's sole shareholder was present. The Hearing Officer rejected petitioner's defense that the sale was made with reasonable reliance upon photo-

graphic evidence of age previously provided by Durant and sustained the charge. Respondent adopted the Hearing Officer's findings, sustained the charge, determined that petitioner's $1,000 bond should be forfeited and suspended petitioner's on-premises liquor license for 30 days, 15 days forthwith and 15 days deferred.

This CPLR article 78 proceeding was commenced by petitioner and transferred to this Court. Petitioner claims that the determination should be annulled for lack of substantial evidence and for undue delay (13 months between the time of the hearing and the determination by respondent).

Petitioner's argument that it was denied due process by the 13-month delay between the hearing and the determination is without merit. Petitioner has not demonstrated that it suffered any actual injury in the preparation or presentation of its case or any economic loss by reason of the delay and, in the absence thereof, there is no substantial prejudice *(see, Matter of Heller v Chu,* 111 AD2d 1007, 1009, *cross appeal dismissed* 66 NY2d 696, *appeal withdrawn* 67 NY2d 648).

Petitioner's contention that Commissioner Robert Doyle should not have participated in the determination because of a memorandum that he prepared relating to his contact with the Franklin County District Attorney, concerning the possibility of harassment charges between petitioner and the Village of Malone Police Department and which was circulated to the other commissioners, is rejected. Respondent correctly counters that petitioner did not demonstrate that any prejudice resulted from the memorandum *(see, Matter of Jeremias v Sander,* 177 AD2d 488). Further, there is no evidence that the determination was influenced by the Doyle memorandum as the findings of the Hearing Officer were based upon the record and made without the information contained in the memorandum. Also, there is no proof that the determination was based on a preconceived view of the facts by any commissioner *(see, Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161).

Petitioner's contention that the determination is not supported by substantial evidence is also without merit. Durant's testimony, if believed, was sufficient to support the findings of the Hearing Officer as to the sale and delivery of the beer to an underage person *(see, Matter of Sue's Rendezvous v New York State Liq. Auth.,* 177 AD2d 273; *see also, Matter of Shoestring Enters. v Duffy,* 145 AD2d 730, 731). "[I]t is for respondent to determine the weight and credibility to be given

to the testimony and evidence presented" and to resolve any conflicts *(Matter of Tego's Tavern v New York State Liq. Auth.,* 158 AD2d 900, 901). The defense that petitioner relied upon photographic evidence previously provided by Durant is not applicable to this case as this affirmative defense is available only when the minor produced such identification at the time of the alleged sale *(see, Matter of Lakeside Inn Supper Club v New York State Liq. Auth.,* 147 AD2d 901, 902).

Lastly, we reject petitioner's argument that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness. Petitioner had previously violated Alcoholic Beverage Control Law § 65 (1) and received a 15-day suspension. The penalty imposed here cannot be said to be shocking to one's sense of fairness *(see, Matter of Larowe v New York State Liq. Auth.,* 170 AD2d 905).

Weiss, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.