■■ In the Matter of PLAYERS FIVE, INC., Doing Business as BLEACHERS, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [602 NYS2d 458] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondent New York State Liquor Authority contends that Supreme Court erred in vacating the penalty of 15 days' license suspension plus $1,000 bond forfeiture it imposed on petitioner for violating Alcoholic Beverage Control Law § 65 (1) because it was disproportionate to the offense. We agree.

The record establishes that, on January 25, 1991, petitioner violated Alcoholic Beverage Control Law § 65 (1) by permitting a minor, without showing proof of age or identification, to enter, purchase and consume alcoholic beverages on its premises. After leaving petitioner's premises, the minor and her two passengers sustained personal injuries in a motor vehicle accident. Given those circumstances, we cannot conclude that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of New York Pan Pizza Corp. v New York State Liq. Auth.,* 150 AD2d 694, *appeal dismissed* 74 NY2d 840; *Matter of Nycrest Corp. v New York State Liq. Auth.,* 96 AD2d 563, 564).

We modify the judgment of Supreme Court by reinstating the penalty imposed by respondent. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Article 78.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.