■ In the Matter of NORTHWOOD FOODS CORP., Doing Business as NORTHWOOD DELI, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [617 NYS2d 357] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated August 11, 1993, which, after a hearing, cancelled the petitioner's off-premises liquor license and imposed a $1,000 bond forfeiture.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination with respect to the penalty imposed is annulled, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondent New York State Liquor Authority for the imposition of a new penalty not to exceed (1) a $1,000 bond forfeiture, and (2) a suspension of the petitioner's liquor license for not more than 45 days.

Contrary to the petitioner's contention, there was substantial evidence supporting the respondent's determination that the petitioner sold a can of beer to an underage, undercover police officer (see, Matter of Sue's Rendezvous v New York State Liq. Auth., 177 AD2d 273). However, we find that the penalty imposed, specifically the revocation of the petitioner's off-premises liquor license, is excessive under the circumstances of this case (see, Matter of We Rest. v New York State Liq. Auth., 175 AD2d 165; Matter of Vitagliano v State of N. Y. Liq. Auth., 149 AD2d 426; see also, Matter of Roc's Z-Bar v State of N. Y. Liq. Auth., 189 AD2d 1077; Matter of Larowe v New York State Liq. Auth., 170 AD2d 905; Matter of Leewood Beverage Ctr. v State Liq. Auth., 139 AD2d 649). In light of the fact that this is the petitioner's third violation of the Alcoholic Beverage Control Law a significant penalty is not unwarranted. However, revocation of the petitioner's license is. Accordingly, the penalty is annulled and the matter

is remitted to the respondent for the imposition of a new penalty not to exceed a license suspension of 45 days and a bond forfeiture. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.