■ In the Matter of T.K.O. ENTERPRISES INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [641 NYS2d 133] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated September 21, 1994, which after a fair hearing, found that the petitioner violated Alcoholic Beverage Control Law § 65 (2) and suspended the petitioner's liquor license for 20 days (10 days forthwith and 10 days deferred)· and imposed a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and proceeding is dismissed on the merits, with costs.

In 1987, the petitioner, T.K.O. Enterprises Inc., which owns

a bar and grill in North Merrick, received an on-premises liquor license. Thereafter, the petitioner received three notices of pleading alleging, among other things, that: (1) on October 26, 1990, the petitioner sold alcoholic beverages to a person under the age of 21 years, (2) on February 15, 1991, the petitioner sold alcoholic beverages to an intoxicated person, and (3) on December 17, 1992, the petitioner permitted the bar to become disorderly.

A hearing was held before the respondent, which concluded that there was evidence to sustain only the charge of selling alcohol to the intoxicated individual. Thereafter, the petitioner instituted this proceeding pursuant to CPLR article 78 to review the respondent's determination, arguing that the determination was not supported by substantial evidence, and that the penalty was harsh and constituted an abuse of discretion.

If an administrative determination, rendered after a hearing, is supported by substantial evidence in the record, it must be confirmed (*see, e.g., Matter of Vanda Hodge Pub v New York State Liq. Auth.,* 215 AD2d 35; *Matter of Larowe v New York State Liq. Auth.,* 170 AD2d 905). Here, the determination was supported by substantial evidence based on the unequivocal testimony of Police Officer Salvatore Dinolfo that, while he was standing in the door frame at the entrance to the bar, he observed, from a distance of about 5 to 10 feet, and for about 15 minutes, an extremely intoxicated man. This man had one drink in front of him, and was being served a bottle of beer by a female bartender who poured part of the contents of the bottle into the man's glass. The testimony of the petitioner's witnesses established that they knew that the man was intoxicated.

We also find that the penalty of suspension of the petitioner's liquor license for 10 days forthwith and 10 days deferred and the imposition of a $1,000 bond forfeiture was not so "disproportionate to the offense * * * as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Graziano v New York State Liq. Auth.,* 183 AD2d 896, 897). Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.