■ In the Matter of DARK HORSE TAVERN, INC., Doing Business as DARK HORSE TAVERN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [649 NYS2d 83] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent which suspended petitioner's on-premises liquor license.

The undisputed evidence adduced at the administrative hearing conducted in this matter established that on February 12, 1994, Krista Krueger and Rebecca Garrett, both 20 years old, gained admission to petitioner's licensed establishment by displaying genuine New York State driver's licenses belonging to other individuals who were over the age of 21. Garrett did the same on March 31, 1994. Under the system petitioner established on each of those occasions, the patrons exhibited identification at the sole entrance to the premises, thereby ostensibly ensuring that only patrons of legal drinking age were present inside and obviating the need for bartenders to check patrons' identification. On each of the dates at issue here, the minor's payment of a $3 admission charge entitled her to consume an unlimited quantity of beer during the eve-

ning. Without doubt, Krueger and Garrett were served and consumed beer on the respective occasions. Petitioner's affirmative defense that the minors had each "produced a photographic identification card apparently issued by a governmental entity and that the alcoholic beverage had been sold, delivered or given to such person in reasonable reliance upon such identification" (Alcoholic Beverage Control Law § 65 [4]) was rejected by respondent.

In our view, respondent's determination that petitioner failed to sustain its burden with respect to the affirmative defense defined in Alcoholic Beverage Control Law § 65 (4) is supported by substantial evidence on the record and is by no means arbitrary or capricious (*see, Matter of Roc's Z-Bar v State of New York Liq. Auth.*, 189 AD2d 1077, 1078, *appeal dismissed* 81 NY2d 1006; *Matter of Lakeside Inn Supper Club v New York State Liq. Auth.*, 147 AD2d 901, 902). Because Krueger destroyed the driver's license that she exhibited to petitioner's employee on February 14, 1994, petitioner was unable to present any reliable evidence as to Krueger's likeness to the person portrayed on the license. Moreover, Krueger's testimony established that she had brown eyes, whereas the license indicated that its holder had blue eyes. With regard to Garrett, the evidence established that she obtained entrance to petitioner's premises by exhibiting her 25-year-old sister's license. Our examination of photographs of Garrett and her sister's license, which were received in evidence at the administrative hearing, supports the Hearing Officer's conclusion that Garrett had a "youthful appearance" and "[did] not appear to be as old as the person portrayed" on the license.

Under the circumstances, we need not consider respondent's legal bases for rejecting petitioner's affirmative defense.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.