■ In the Matter of DARK HORSE II, INC., Doing Business as FRIDAY'S NEIGHBORHOOD TAVERN, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [656 NYS2d 423] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent which, *inter alia*, assessed petitioner a $3,500 civil penalty.

In September 1995, the Division of Alcoholic Beverage Control instituted a proceeding pursuant to Alcoholic Beverage Control Law § 118 to revoke petitioner's liquor license upon the ground that on October 19, 1994 and October 20, 1994 petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling alcoholic beverages to a minor. The evidence adduced at an administrative hearing established that Daniel Haggerty

(born in 1975) gained admission to petitioner's establishment by displaying a New York driver's license that had been issued to and bore the photograph of Haggerty's brother (born in 1972). In support of the affirmative defense defined in Alcoholic Beverage Control Law § 65 (4), petitioner offered evidence that the doorperson who admitted Haggerty to the premises relied upon the genuine photographic identification that he proffered, that Haggerty and his brother bear a strikingly similar physical resemblance to one another, with nearly identical hair styles, face shapes and over-all appearance, and that Haggerty had successfully used his brother's license to gain entrance to drinking establishments on at least 50 prior occasions. Nonetheless, citing to the fact that Haggerty's height and eye color did not match the physical characteristics set forth on the proffered license—Haggerty is 5 feet 8 inches tall and has brown eyes whereas his brother is 5 feet 10 inches tall and has blue eyes—respondent concluded that petitioner's reliance upon the identification was not reasonable, a determination challenged in this CPLR article 78 proceeding.

Petitioner presents a fairly compelling case, but we are nonetheless constrained to the view that there is substantial evidence in the record to support respondent's determination. Although we are not persuaded that the height differential was noteworthy, the fact that Haggerty did not have blue eyes, as indicated on the proffered license, was of itself sufficient to provide petitioner with notice that the identification was not genuine (*see, Matter of Dark Horse Tavern v New York State Liq. Auth.*, 232 AD2d 947). Under the circumstances, we need not consider the merit of respondent's additional legal basis for its determination.

Cardona, P. J., Casey and Carpinello, JJ., concur.

White, J. (concurring). In my view the record shows that respondent adequately established an affirmative defense pursuant to Alcoholic Beverage Control Law § 65 (4) since the minor produced a photographic identification card apparently issued by a governmental entity (a valid New York driver's license) and the sale was made upon reasonable reliance on such identification, given the similar physical characteristics of the brothers. However, I am constrained to concur with the majority based on the authority of *Matter of Dark Horse Tavern v New York State Liq. Auth.* (232 AD2d 947). Adjudged that the determination is confirmed, without costs, and petition dismissed.