■ In the Matter of Suffolk County Correction Officers Association, Petitioner, v New York State Public Employment Relations Board et al., Respondents. [668 NYS2d 400] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board, dated January 31, 1996, which, after a hearing, dismissed the petitioner's improper labor practice charge against the County of Suffolk and the Suffolk County Sheriff.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

In or about December 1992 the Suffolk County First District Court was relocated from the H. Lee Dennison Building in Hauppauge to the Cohalan Complex in Central Islip. Eighteen correction officers who had been responsible for the care and custody of District Court detainees at the H. Lee Dennison Building were reassigned to the Suffolk County Maximum Security facility in Riverhead, and deputy sheriffs were assigned to provide for the care and custody of District Court detainees at the Cohalan Complex. The Suffolk County Correction Officers Association (hereinafter SCCOA) filed an improper labor practice charge with the New York State Public Employment Relations Board (hereinafter PERB), alleging that Suffolk County's unilateral transfer of the responsibility for District Court detainees to deputy sheriffs, without prior negotiations with SCCOA, violated section 201-a.1 (d), (e) of the Public Employees Fair Employment Act (Civil Service Law § 209-a [1] [d], [e]).

A hearing was held before an Administrative Law Judge, who determined that SCCOA failed to establish that correction officers had previously performed the transferred work at issue exclusively, and dismissed the charge. PERB affirmed the determination of the Administrative Law Judge. SCCOA then commenced this CPLR article 78 proceeding.

"If an administrative determination, rendered after a hear-

ing, is supported by substantial evidence, it must be confirmed" (*Matter of T.K.O. Enters. v New York State Liq. Auth.*, 226 AD2d 646, 647; *see also, Matter of State of N. Y. Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19, 22). There is substantial evidence in the record to support the determination that the unit work at issue was not performed exclusively by correction officers. Therefore, Suffolk County was not required to negotiate with SCCOA prior to transferring responsibility for the care and custody of inmates at the District Court from correction officers to deputy sheriffs, and dismissal of the improper labor practice charge is confirmed (*see, Matter of Niagara Frontier Transp. Auth. [Niagara Frontier Transp. Auth. Pub. Officers Benevolent Assn.]*, 18 Perb ¶ 3083).

SCCOA's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Krausman, JJ., concur.