In the Matter of CHRIS DIMKOS, Doing Business as FAY ROAD MARKET, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [689 NYS2d 826] —Determination unanimously modified in the exercise of discretion and as modified confirmed without costs in accordance with the following Memorandum: The determination that petitioner made three unlawful sales of alcohol to a minor (Alcoholic Beverage Control Law § 65 [1]) and an unlawful sale of alcohol during prohibited hours (Alcoholic Beverage Control Law § 105-a) is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). Based on the violations, respondent revoked petitioner's liquor license and imposed a $1,000 bond claim. In our view, the penalty is so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see also, Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509, 512). Petitioner had prior violations, but those occurred over a period of 15 years. For those prior violations, petitioner's liquor license was suspended for periods ranging from 7 to 15 days. In the exercise of our discretion, we conclude that the maximum penalty warranted in the circumstances of this case is a $1,000 bond claim and a 90-day suspension of petitioner's liquor license (*see, e.g., Matter of Larowe v New York State Liq. Auth.,* 170 AD2d 905; *Matter of Vitagliano v State of N. Y. Liq. Auth.,* 149 AD2d 426, *lv denied* 74 NY2d 612). Thus, we modify the determination, grant the petition in part and reduce the penalty accordingly. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Hurlbutt, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.