■ In the Matter of JOHN J. WOJEWODZIC, Petitioner, v JOHN P. O'NEILL, as Commissioner of the Essex County Department of Social Services, et al., Respondents. [742 NYS2d 733] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondent Essex County Commissioner of Social Services which terminated petitioner's employment.

Petitioner, a training coordinator, was employed by the Essex County Department of Social Services (hereinafter ECDSS) from July 1987 until his termination in January 2000. In May 1999, pursuant to Civil Service Law § 75, respondent Essex County Commissioner of Social Services instituted several charges of misconduct containing various specifications against petitioner. The charges, as amended in June 1999, alleged that petitioner (1) knowingly made false statements concerning an alleged sexual affair involving two Essex County officials, (2) made such statements for the purpose of damaging the reputations of these individuals, (3) violated a collective bargaining agreement by contacting one of these officials and acting in a rude fashion towards her on the telephone, (4) deliberately provided false answers during the investigation concerning the first three charges, (5) engaged in unprofessional conduct including, inter alia, making inappropriate statements about coworkers, (6) created a hostile work environment at ECDSS while on duty and engaging in violent and disruptive behavior

while off duty, and (7) acted in a manner unbecoming a ECDSS staff coordinator by using loud, rude, abusive, racist and sexist language in relation to other Essex County employees.

After a hearing, the Hearing Officer rendered a written determination finding petitioner guilty of misconduct as to all charges except charge 2 and recommended dismissal. The Commissioner appointed Essex County Attorney Richard B. Meyer to make a final determination with respect to that recommendation. After granting argument and reviewing the transcript of the hearing, Meyer sustained all of the Hearing Officer's findings except for the determinations of guilt with respect to specification (2) of charge 3, alleging that he violated a collective bargaining agreement, and specification (2) of charge 6, alleging that he engaged in a pattern of violent and disruptive behavior while off duty. The remaining specifications in charges 3 and 6 were sustained. Meyer adopted the Hearing Officer's recommendation of dismissal and petitioner, thereafter, commenced this CPLR article 78 proceeding challenging the determination.

Initially, petitioner contends that the charges sustained against him should be dismissed because they are based upon evidence outside the statute of limitations applicable in Civil Service Law § 75 proceedings. As a general rule, wrongdoing forming the basis of such charges must occur within 18 months before the commencement of the disciplinary proceeding (*see*, Civil Service Law § 75 [4]; *Matter of Sigle v Slavin*, 161 AD2d 644, 645, *lv dismissed* 76 NY2d 1018; *Matter of Dean v Bradford*, 158 AD2d 772, 775).* Here, all the specifications in charges 1, 3 through 5 and specification (1) (c) of charge 7 sustained by respondents were based upon allegations of misconduct occurring in between May 1998 and May 1999. Thus, they were timely commenced. In addition, a review of the record reveals that there was substantial evidence, including petitioner's own admissions and the direct testimony of ECDSS employees, establishing that petitioner committed the acts set forth in those specifications.

With respect to charge 6 and the remaining specifications of charge 7 alleging that petitioner created a "hostile work environment" and engaged in "behavior unbecoming a person holding the position of [ECDSS] staff development coordinator," the record reveals that many of the underlying allegations cited by respondents supporting that charge and those specifi-

---

* The exception for alleged wrongdoing that would, if proved in a court, constitute a crime (*see*, Civil Service Law § 75 [4]) does not apply herein to the charges as stated.

cations involved wrongdoing occurring outside the 18-month period. Testimony with respect to this misconduct was initially introduced into evidence upon the ground that it represented "proof of a pattern of behavior" and was, therefore, admissible under *Matter of Block v Ambach* (73 NY2d 323). Although such evidence may be admissible under certain circumstances, we cannot approve the use of such proof when untimely, inasmuch as it is unduly prejudicial (*see generally, Matter of Sigle v Slavin, supra* at 645). Notably, respondents specifically relied on many untimely incidents in the determinations. While it is true that many of the timely incidents were also referenced, there is simply no way of knowing to what extent the remote allegations influenced the determination of guilt herein. Accordingly, we deem it appropriate to remit the matter to respondents for the purpose of a new hearing as to charge 6 and the remaining specifications of charge 7 without consideration of the untimely allegations.

Lastly, with respect to petitioner's challenge to the penalty imposed, we note that where, as here, the record contains substantial evidence to support certain of the sustained charges and specifications but the penalty imposed was not separately assessed as to each of the charges, the proper course is to remit the matter for redetermination of the penalty (*see, Matter of Brown v Saranac Lake Cent. School Dist.*, 273 AD2d 785, 786; *Matter of Weatherlow v Board of Educ. of Jamestown City School Dist.*, 236 AD2d 855, 857; *Matter of Herzog v Bane*, 195 AD2d 787, 790). Such consideration should take place after the issue of petitioner's guilt as to charge 6 and the remaining specifications of charge 7 is finally determined.

Mercure, Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of misconduct in charge 6 and specifications (1) (a), (b) and (d) of charge 7 and as imposed a penalty; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.