In the Matter of DAVID BAYER, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [812 NYS2d 691]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Labor which found petitioner guilty of misconduct and terminated his employment.

In May 2003, petitioner was promoted to a probationary position as an associate safety and health engineer at respondent Department of Labor. After this appointment, petitioner oversaw all work in the Department's asbestos unit, including the asbestos regulation project of his coworker, Rosita DiCioccio. On July 7, 2004, the Department instituted two charges of misconduct against petitioner pursuant to Civil Service Law § 75, alleging that he subjected DiCioccio to a hostile work environment by sexually harassing her and treating her in an unprofessional and demeaning manner. As a result, petitioner was demoted to his former position of senior safety and health engineer. A hearing officer subsequently found petitioner guilty of a majority of the charges and specifications, imposed a 30-day loss of pay and determined that petitioner's demotion was a fair penalty. Respondent Commissioner of Labor adopted the findings of the hearing officer regarding guilt, but rejected the recommendation as to penalty and terminated petitioner's employ-

ment. Petitioner then commenced this CPLR article 78 proceeding challenging that determination.

Initially, petitioner argues that specifications A, B and C in charge I—alleging that he created a hostile work environment by sexually harassing DiCioccio—should be dismissed as untimely because they encompass conduct outside the applicable statute of limitations.[1] Civil Service Law § 75 provides that in proceedings involving employees, such as petitioner, who are designated management/confidential, a one-year statute of limitations governs all charges except those which, "if proved in a court of appropriate jurisdiction [would] constitute a crime" (Civil Service Law § 75 [4]; *see Matter of Wade v Town of Ticonderoga Town Bd.*, 256 AD2d 860, 861 [1998], *lv denied* 93 NY2d 804 [1999]). In accord with the statute, we have held that the admission of proof of wrongdoing, including the creation of a hostile work environment and use of sexist language in relation to coworkers, that occurred outside the relevant limitations period is unduly prejudicial because "there is simply no way of knowing to what extent the remote allegations influenced the determination of guilt" (*Matter of Wojewodzic v O'Neill*, 295 AD2d 670, 672 [2002]; *see Matter of Sigle v Slavin*, 161 AD2d 644, 645 [1990], *lv dismissed* 76 NY2d 1018 [1990]).

Here, the record reflects that the incidents contained in charge I, specifications A (vii) and B took place within one year of commencement of disciplinary proceedings on July 7, 2004 and, thus, those specifications are timely (*see* Civil Service Law § 75 [4]). Petitioner is correct, however, that specification A (i) is untimely because the conduct described therein occurred within a few days after DiCioccio began working for the Department in May 2001. Moreover, the remaining allegations in specification A, as well as specification C of charge I, reference conduct that occurred both during and before the statutory period, and the hearing officer expressly considered the untimely incidents in making the determination. Inasmuch as it is not possible to determine whether the untimely allegations influenced the determination of guilt herein, the matter must be remitted to respondents for the purpose of a new hearing on charge I, specifications A (ii), (iii), (v) and (vi) and specification

---

1. Petitioner's claim that charge I, specification A (iv) and charge II, specification B (ii) are untimely is moot inasmuch as the hearing officer dismissed those charges.

C without consideration of those allegations (*see Matter of Wojewodzic v O'Neill, supra* at 672).[2]

With respect to the timely charges that were not otherwise dismissed, we conclude that substantial evidence supports each of the specifications of which petitioner was found guilty. Specifically, the hearing testimony, including petitioner's own admissions, establishes that petitioner directed sexually-oriented comments to DiCioccio about her appearance, subjected her to detailed conversations about his sex life and demeaned her in front of her colleagues by making sexist and inappropriate statements to her about her work (*see id.* at 671; *Matter of Wade v Town of Ticonderoga Town Bd., supra* at 861-862; *Matter of Comeau v Board of Educ. of Ballston Spa Cent. School Dist.,* 160 AD2d 1150, 1151 [1990]; *Matter of Petties v New York State Dept. of Mental Retardation & Dev. Disabilities,* 93 AD2d 960, 961 [1983]). Contrary to petitioner's argument, while federal case law governing the requirements for an actionable claim against an employer under title VII of the Civil Rights Act of 1964 is instructive, DiCioccio's failure to demonstrate those requirements does not preclude a finding by the Commissioner that petitioner engaged in misconduct under Civil Service Law § 75 justifying disciplinary measures before an actionable claim for harassment arises (*see Matter of Petties v New York State Dept. of Mental Retardation & Dev. Disabilities, supra* at 961; *but see Matter of Macksel v Riverhead Cent. School Dist.,* 2 AD3d 731, 732 [2003]).

Finally, although there is substantial evidence to support certain of the sustained charges and specifications, inasmuch as the penalty imposed was not separately assessed as to each of the charges, we must remit this matter for a redetermination of the penalty (*see Matter of Rounds v Town of Vestal,* 15 AD3d 819, 823 [2005]; *Matter of Wojewodzic v O'Neill, supra* at 672). Such redetermination should take place after the issue of petitioner's guilt of charge I, specifications A (ii), (iii), (v) and (vi) and specification C is resolved.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of specifications A (i), (ii), (iii), (v) and (vi), and specification C of charge

---

**2.** *National Railroad Passenger Corporation v Morgan* (536 US 101, 116-117 [2002]), which addresses the statute of limitations pertaining to hostile work environment claims brought under title VII of the Civil Rights Act of 1964 by an employee against an employer, does not compel a contrary result in this proceeding involving charges of misconduct instituted by an employer pursuant to Civil Service Law § 75.

I, and as imposed a penalty; matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.