■  In the Matter of Cecere's Holiday, Inc., Petitioner, v New York State Liquor Authority, Respondent. [855 NYS2d 317]—

Memorandum: Respondent's determination that petitioner violated Alcoholic Beverage Control Law § 65 (1) by selling alcoholic beverages to seven minors or permitting alcoholic

beverages to be delivered to them is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). With respect to four of the violations, petitioner failed to establish the affirmative defense that its employees reasonably relied upon photographic identification cards issued by a governmental entity (*see* Alcoholic Beverage Control Law § 65 [4]). We agree with petitioner, however, that the penalty " 'is so disproportionate to the offense . . . as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of JAJK, Inc. v Division of Alcoholic Beverage Control*, 272 AD2d 963 [2000]; *Matter of Dimkos v New York State Liq. Auth.*, 261 AD2d 927 [1999]). Based on the violations, respondent revoked petitioner's liquor license, proscribed relicensing of the premises for a period of 24 months, and imposed a $20,000 fine and a $1,000 bond claim. Petitioner previously had been fined $10,000 and its liquor license had been suspended for 10 days for unlawful sales to minors. In light of that history and the nature of the instant violations, we agree with respondent that a severe penalty is appropriate. Nevertheless, we conclude in the exercise of our discretion that the maximum penalty warranted under the circumstances of this case is a $15,000 fine, a $1,000 bond claim, and a 60-day suspension of petitioner's liquor license (*see e.g. Dimkos*, 261 AD2d 927 [1999]; *Matter of Northwood Foods Corp. v New York State Liq. Auth.*, 208 AD2d 633 [1994]; *Matter of We Rest. v New York State Liq. Auth.*, 175 AD2d 165 [1991]). Thus, we modify the determination and grant the amended petition in part by reducing the penalty accordingly. Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.