■ In the Matter of MILTON R. ROMANOWSKI, Doing Business as the ZODIAC LOUNGE, Petitioner, v EDWARD J. MCLAUGHLIN, as Chairman of the New York State Liquor Authority, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chenango County) to review a determination of the State Liquor Authority which suspended petitioner's liquor license for 10 days. This article 78 proceeding was brought to review respondents' determination suspending petitioner's restaurant liquor license for a period of 10 days. The determination was based on findings by a hearing officer that the licensee had permitted the sale or giving away of alcoholic beverages to a minor. Petitioner urges as grounds for annulment (1) that the determination was not supported by substantial evidence, (2) that the penalty was excessive, and (3) that the respondent authority did not have the stenographic minutes of the hearing at the time it made its determination as required by the rules of the State Liquor Authority (9 NYCRR 54.5). In our view, the record substantially supports the conclusion of the hearing officer that petitioner knowingly served alcoholic beverages to a minor on the night of May 31, 1980. Next, the imposition of a 10-day suspension was well within the discretionary power of the authority. Further, petitioner failed to justify his claim that the penalty imposed was " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Turning to petitioner's contention that he was denied due process because the authority did not have the stenographic minutes of the hearing at the time it made its determination, we note that petitioner has failed to recognize an amendment made in 1977 to the rules of the State Liquor Authority. This amendment, which was applicable at the time of petitioner's hearing in 1981, provides: "Within the contemplation of this rule * * * the term 'record' shall mean (i) the stenographic notes taken in the hearing by the stenographic reporter, including the transcribed minutes thereof, *or* (ii) *the testimony and other evidence taken at the hearing as recorded by electronic recording equipment or the transcription thereof"* (9 NYCRR 54.5; emphasis added). Here, the authority reviewed and had available to it the electronically recorded cassette tapes of the complete testimony taken at the hearing together with all documentary evidence received at the hearing (see *Matter of Farmer v Berger,* 57 AD2d 537). Accordingly, the authority's determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.