■ In the Matter of GERALDINE RUSS, Doing Business as RUSS' GROCERY, Petitioner, v THOMAS A. DUFFY, JR., as Chair-man of the New York State Liquor Authority, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of the State Liquor Authority which suspended petitioner's license to sell alcoholic beverages for 15 days.

Initially, we reject petitioner's contention that her right to due process was violated because the State Liquor Authority (hereinafter Authority) did not have before it a typewritten transcript of the proceeding when it made its determination. The Authority had available to it and reviewed the entire record as that term is defined in 9 NYCRR 54.5 (a) *(see, Matter of Romanowski v McLaughlin,* 85 AD2d 827). Furthermore, we find substantial evidence in the record to support the Authority's determination to suspend petitioner's license to sell alcoholic beverages for violating Alcoholic Beverage Con-trol Law § 65 (1). The testimony of the police officer, the

minor's sworn statement that he did not show any identification to the salesperson and documentary evidence in the record support the conclusion that someone in petitioner's establishment sold alcoholic beverages to the minor in violation of the statute *(see, Matter of Shoestring Enters. v Duffy,* 145 AD2d 730, 731). Any testimony to the contrary merely presented a credibility question which was for the Authority to resolve *(see, Matter of Saratoga Mexican Corp. v Duffy,* 162 AD2d 790, 791).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.