▬ In the Matter of RAYMOND P. MURRAY, Doing Business as RPM's, Petitioner, v DIVISION OF ALCOHOLIC BEVERAGE CONTROL, Formerly Known as NEW YORK STATE LIQUOR AUTHORITY, Respondent. [708 NYS2d 783] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner contends that the determination that he made numerous unlawful sales of alcoholic beverages to minors (Alcoholic Beverage Control Law § 65 [1]), permitted his premises to become disorderly on two occasions (Alcoholic Beverage Control Law § 106 [6]) and engaged in improper conduct demonstrating his unsatisfactory character and lack of fitness to hold a license (9 NYCRR 53.1 [n]) is not supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). We conclude that all but one of the findings of violations must be sustained, and thus we modify the determination accordingly.

Alcoholic Beverage Control Law § 65 (4) provides in relevant part that, "[i]n any proceeding pursuant to subdivision one of this section, it shall be an affirmative defense that such person had produced a photographic identification card apparently issued by a governmental entity and that the alcoholic beverage had been sold, delivered or given to such person in reasonable reliance upon such identification." Respondent determined that petitioner failed to sustain his burden of proving that affirmative defense with respect to the charge concerning a minor who gained entry into petitioner's establishment using the driver's license of another and who worked as a trial bartender there. That determination is not supported by substantial evidence (*cf., Matter of S.T.A. of Fredonia v New York State Liq. Auth.*, 267 AD2d 1037; *Matter of Dark Horse Tavern v New York State Liq. Auth.*, 232 AD2d 947, 948). Although by the time of the administrative hearing the minor no longer possessed the driver's license with which she gained entry, she testified that she and the person pictured thereon shared similar physical attributes with the exception of a three-inch height difference. In addition, both the minor and the person pictured on the driver's license were named "Sarah." Petitioner testified that he permitted the minor to work as a trial bartender after she showed him the false identification, but learned after a couple

of weeks that she was a minor and terminated her. Thus, that part of the determination finding that petitioner violated Alcoholic Beverage Control Law § 65 (1) with regard to that minor must be annulled.

We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated Alcoholic Beverage Control Law § 65 (1) on numerous dates from January 1995 through April 4, 1995. Because respondent imposed a single penalty and the record does not establish any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (see, *Matter of Ashkar v New York State Liq. Auth.*, 265 AD2d 808; *Matter of Ligreci v Honors*, 171 AD2d 1058, *lv denied* 78 NY2d 853). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.