■ In the Matter of CULTURE CLUB OF NYC, LLC, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [742 NYS2d

238] —Petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered October 17, 2001), challenging the determination of respondent New York State Liquor Authority, dated June 6, 2001, which found petitioner night club in violation of Alcoholic Beverage Control Law § 106 (6) and imposed a $500 civil penalty, unanimously granted, without costs, and said determination annulled.

In reviewing this record, we find that respondent's determination, which sustained the charge of permitting excessive noise to occur on petitioner's premises in violation of Alcoholic Beverage Control Law § 106 (6) was not supported by substantial evidence. The only evidence presented by respondent at the administrative hearing was the limited testimony of the police officer who heard music from approximately 30 feet of the open front doors of petitioner's night club. As there were no complaints about the noise from area residential tenants and no objective proof given as to how loud the music was, that it was anything other than brief, or who caused the front door to remain open, respondent lacked sufficient evidence to properly sustain the charge that petitioner had allowed the "premises to become disorderly" (Alcoholic Beverage Control Law § 106 [6]; *see, Matter of Moonwalkers Rest. Corp. v New York State Liq. Auth.*, 250 AD2d 428). Accordingly, respondent's determination and penalty are annulled.

We do not reach petitioner's remaining contention in light of our determination. Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.