■ In the Matter of MJM ROYAL, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, Respondent. [775 NYS2d 664]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, entered November 28, 2003 in Erie County [Eugene M. Fahey, J.]) to review a determination of respondent. The determination sustained a charge that petitioner had violated Alcoholic Beverage Control Law § 65 (1).

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner failed to establish the affirmative defense that its employees reasonably relied upon photographic identification cards of three minors before selling them alcoholic beverages (*see* Alcoholic Beverage Control Law § 65 [1], [4]). The record supports the determination of the Administrative Law Judge (ALJ) that the birth dates on two of the identification cards were obviously altered, and thus any reliance on them was not reasonable. Although there was some testimony that the third minor had an appearance similar to the person pictured in the identification card she used, in light of the fact that the woman depicted in the photograph was eight years older than the minor, we decline to disturb the ALJ's finding that the testimony of the doorman that he relied on the similarity was "conclusory and unconvincing" (*see generally Matter of Alegre Deli v New York State Liq. Auth.*, 298 AD2d 581, 582 [2002]). In addition, because there is no photograph of the third minor in the record, we are unable to determine if that minor resembled the person pictured in the identification card (*see Dark Horse Tavern v New York State Liq. Auth.*, 232 AD2d 947, 948 [1996]). Therefore, we conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Finally, we conclude that the penalty is not shocking to one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, 34 NY2d 222, 233 [1974]). Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.