In the Matter of THE CONTINENTAL ROOM, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [859 NYS2d 552]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [John C. Cherundolo, J.], dated October 18, 2007) to review a determination of respondent. The determination, inter alia, found that petitioner violated Alcoholic Beverage Control Law § 65 (1).

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated Alcoholic Beverage Control Law § 65 (1) with respect to minor M.C.S. and by vacating the penalty and as modified the determination is confirmed without costs, and the matter is

remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of the determination finding that it violated Alcoholic Beverage Control Law § 65 (1) by making two unlawful sales of alcoholic beverages to minors. Contrary to the contention of petitioner, we conclude that the determination with respect to one of the two violations, i.e., to the minor in possession of the fraudulent New York driver's license, is supported by substantial evidence (*see Matter of MJM Royal v New York State Liq. Auth., Div. of Alcoholic Beverage Control*, 6 AD3d 1150, 1151 [2004]; *Matter of Russ v Duffy*, 180 AD2d 1008 [1992]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Petitioner failed to establish as an affirmative defense that its employees reasonably relied upon the New York driver's license before selling, delivering, or giving away alcoholic beverages to the minor (*see* Alcoholic Beverage Control Law § 65 [4]). Indeed, the record establishes that the driver's license was obviously fraudulent. Contrary to petitioner's further contention, respondent was not required to produce the original New York driver's license in order to establish a violation of Alcoholic Beverage Control Law § 65 (1) because the photocopy that it introduced in evidence was sufficient (*see* State Administrative Procedure Act § 306 [2]). Further, the Administrative Law Judge did not abuse his discretion in denying petitioner's request for a continuance of the hearing in order to enable petitioner to subpoena the original New York driver's license. Petitioner failed to seek a judicial subpoena in order to obtain that driver's license or otherwise request its production prior to the hearing (*see generally Matter of Steven B.*, 6 NY3d 888, 889 [2006]).

We further conclude, however, that the determination with respect to the second of the two violations, i.e., the minor M.C.S., who was in possession of a fraudulent Virginia driver's license, is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc.*, 45 NY2d at 181-182), and we therefore modify the determination accordingly. We agree with petitioner that it established as an affirmative defense that its employees reasonably relied upon that driver's license before selling, delivering, or giving away alcoholic beverages to the minor (*see* Alcoholic Beverage Control Law § 65 [4]; *Matter of Murray v Division of Alcoholic Beverage Control*, 272 AD2d 962 [2000]; *Matter of Vitagliano v State of N.Y. Liq. Auth.*, 174 AD2d 624, 625 [1991]). The police officer who initially approached the minor inside petitioner's establishment testified at the hearing that the photograph on the Virginia driver's license appeared to be that of the minor and that the driver's license contained a

hologram. He further testified that the driver's license appeared to be authentic, and he was unable to state why he believed that it was fraudulent. Inasmuch as respondent imposed a single penalty and the record does not establish any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see Murray*, 272 AD2d 962 [2000]). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.