In the Matter of MICHAEL R. KINNIE, Licensee for COMEDY PLAYHOUSE, LLC, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [881 NYS2d 771]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [Hugh A. Gilbert, J.], entered September 18, 2008) to annul a determination of respondent. The determination found that petitioner violated Alcoholic Beverage Control Law § 106 (6).

It is hereby ordered that the determination is unanimously modified on the law and the amended petition is granted in part by annulling that part of the determination finding that petitioner violated Alcoholic Beverage Control Law § 106 (6) on January 6, 2007 and by vacating the penalty and as modified the determination is confirmed without costs, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he violated Alcoholic Beverage Control Law § 106 (6) on two separate occasions. Contrary to the contention of petitioner, the determination that he suffered or permitted gambling on the licensed premises on October 6, 2006 is supported by substantial evidence (*see* § 106 [6]; *Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth.*, 17 AD3d 1101, 1102 [2005]). Respondent " 'demonstrated that [petitioner] had knowledge or the opportunity through reasonable diligence to acquire knowledge of the alleged acts' " (*Matter of Island Mermaid Rest. Corp. v New York State Liq. Auth.*, 52 AD3d 603,

604 [2008], quoting *Matter of Leake v Sarafan*, 35 NY2d 83, 86 [1974]). We agree with petitioner, however, that the determination that he suffered or permitted an excessive amount of noise to occur on the licensed premises on January 6, 2007 is not supported by substantial evidence. The record contains no evidence of recent complaints concerning noise from area residents, no objective proof that the noise exceeded acceptable volume levels, and no indication that anyone was affected by the noise (*see 530 W. 28th St. LP v New York State Liq. Auth.*, 55 AD3d 436 [2008]; *Matter of Culture Club of NYC v New York State Liq. Auth.*, 294 AD2d 204 [2002]).

We therefore modify the determination and grant the amended petition in part by annulling that part of the determination finding that petitioner violated Alcoholic Beverage Control Law § 106 (6) on January 6, 2007. Inasmuch as respondent imposed a single penalty and the record does not establish any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (*see Matter of Continental Room, Inc. v New York State Liq. Auth.*, 52 AD3d 1203, 1205 [2008]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.